STATE OF MINNESOTA,

*v.*

HENRY B. HERRICK.

Refusal to disturb a verdict rendered upon conflicting testimony, or to inter-
fere with the exercise of discretion by the District Court in fixing the amount
of a fine.

The defendant was arrested and brought before a justice of
the peace, of Olmsted county, upon a charge of assault and
battery, alleged to have been committed upon the person of
one Frederick A. Coffin. The defendant was found guilty
and fined by said justice, and took an appeal to the district
court for that county. Upon the trial in the district court,
substantially the following facts appeared from the testimony.
The defendant was an employee of the Winona & St.
Peter R. R. Co., at Eyota station, as inspector and weigh-
master of wheat, and had charge of the company's elevator at
that station. On the 14th day of November, 1865, said
Coffin came to that station with a load of wheat. There
were two grades of wheat, called No. 1 and No. 2, No. 1
being worth ten cents per bushel more than No. 2 in market.
It was the custom for buyers to deliver to parties of whom
they purchased, two tickets with places indicated for the entry
of the weight and grade of wheat, and name of weighmaster
and inspector. When wheat graded No. 1, no grade mark
was put upon the. ticket, but when it graded No. 2 then No.
2 was put upon the ticket. One ticket was delivered, when

filled out, to the seller, and the other retained by the company. The seller is paid by the buyer upon the ticket he receives, according to the grade, and delivers it to the buyer, who, upon presentation is entitled to receive from the company the amount and grade of wheat indicated upon his ticket. Coffin sold his wheat to a Mr. Barnes, received two tickets, and was sent to the elevator to have the wheat inspected and weighed. When Coffin had put his wheat in the hopper, Herrick examined it, and before letting it out, told him that he should grade it No. 2. Coffin claimed that this was too bad a shave, and Herrick replied, that the wheat was No. 1 if was not so dirty, but that it was too dirty for that grade. Herrick took the two tickets, filled out one, except the grade, and signed it, and while he was filling out the other, Coffin picked up the first, and started off with it; and as he turned to go out of the elevator, met a Mr. Saber, who, after looking at the ticket, said, What are you grumbling about? Your ticket is all right, No. 1. Herrick then turned round and asked Coffin to return the ticket to him, as he had not finished it for delivery. Coffin refused. Herrick again asked for the ticket, and Coffin again refused, and as he was stepping out of the elevator, Herrick took him by the collar and jerked him back, and threw him down, and told him he could not go away until he delivered up the ticket, and tried to take the ticket away from him. Some of the witnesses, (Coffin and his son) testified, that while Coffin was down, Herrick choked him, and Coffin testified that Herrick struck him while he was down. There were several other witnesses who were present and looking on all the time, who testified that they did not see any choking or striking. There were two exceptions taken by the defendant to the rulings of the court, excluding testimony, the facts relating to which fully appear in the opinion of the court. The jury found the

defendant guilty, and the court ordered and adjudged the defendant to pay a fine of $100.

The defendant moved the court for a new trial on the ground of "errors of law, and of fact, appearing upon the record, and that the fine was excessive;" which motion was denied and the defendant appeals to this court.

FRANKLIN & KEYES, for Appellant.

I.—A new trial may be granted in a criminal as well as a civil action on the ground that the verdict is against the weight of evidence. *The State of Minnesota vs. Miller;* 10 *Minn.* 313; 7 *Bos.* 1; 6 *Hill,* 433 *and* 444; 7 *Mass.* 261; 6 *Pick.* 131; 15 *Pick.* 291; 1 *Graham & Waterman on new trials,* 367.

II.—Herrick was in the employ of the Railroad Company. The ticket was the property of the company under his charge, until voluntarily delivered by him. Coffin took the ticket without his consent and refused to return it to Herrick when requested by Herrick to do so. Herrick, therefore, having done all he could do, without resorting to force, to regain possession of the ticket, had a right to use all the force necessary for that purpose. *Harrington vs. People,* 6 *Barb.* 607; *Baldwin vs. Hayden,* 6 *Conn.* 453; *American Criminal Law,* (*Wharton*) 2 *ed.* 463; *State vs. Elliot,* 11 *N. H.,* 540; *Commonwealth v. Alcott, Kennard, et al.,* 8 *Pick.* 132; 1 *Carrington & Kirwin, N. P.* 357; 2 *Comyn's Digest,* 254 *N. K.*; 3 *Blackstone's Com.* 121.

That no unnecessary force was used the facts abundantly show. The fact that the resistance was so great that Herrick was unable to recover the ticket is conclusive as to this.

III.—The Court erred in not allowing the appellant to show the whole transaction at that time and place. It was

State of Minnesota v. Herrick.

particularly error not to allow the appellant to show on cross-examination what took place after Birge and the other man came in and Herrick said, "let's take the ticket from him," since the prosecution gave evidence of all that took place there, up to and including, this last. It is a familiar rule that a party is entitled to all that took place at the time and place charged.

O. P. Stearns, for Respondent.

I.—Where there is any evidence in support of the verdict, this Court will not disturb it, unless such evidence is manifestly insufficient to warrant the finding. *Davis vs. Smith*, 7 *Minn.*, 414; *The State of Minnesota vs. Miller*, 10 *Minn.*, 313.

II.—The assault and battery was clearly proven and the accused sought to justify it. The theory of his defence required him to establish:

1st. That the wheat ticket in controversy was wrongfully taken from his possession by Coffin.

2nd. That he used no other or greater force than was necessary to retake the same. *Scribner vs. Black*, 4 *Denio*, 448.

There was evidence to warrant the jury in finding against the accused on both these propositions, and especially the second. Striking a violent blow in the eye with the fist is not that gentle kind of force the law allows one to use in recapturing personal property. 2 *Archbold's Crim. Practice and Pleadings; Waterman's Notes*, 7th Ed., p. 61.

III.—The Court allowed the whole transaction to be shown, and did not err in refusing to allow the accused to show a subsequent transaction.

*By the Court*—Berry, J. Although there was testimony in this case tending to prove the contrary, there was direct

and positive testimony showing that the appellant in addition to other violence, struck Coffin, the prosecuting witness, in the eye. Admitting the right of the appellant to use such force as was necessary to enable him to recover the ticket claimed to have been wrongfully taken from his possession, if the direct testimony referred to was true, it can hardly be contended that the blow struck was justifiable under the rule. *Scribner vs. Beach,* 4 *Denio,* 451 ; 2 *Metcalf,* 25. It was for the jury to determine, among other things, what the fact was as to the striking, and the evidence was such as to warrant a verdict, either for or against the appellant. Under such circumstances, as has been repeatedly held by this Court, we do not deem it proper to disturb a verdict. See *De Rochbrune vs. Sootheimer, ante,* 78 ; *People vs. Goodrich,* 3 *Parker Cr. R.,* 518.

This is a criminal prosecution for assault and battery. The prosecuting witness testified to facts constituting the offence charged, both upon his examination in chief and cross-examination, and also to a remark made by the appellant to one Birge, which would seem to be immaterial. He was then asked on cross-examination, "What further took place ?" This was objected to as immaterial, the objection was sustained and exception taken. There was no offer, or proposal to show, by the answer to this question, any facts bearing upon the assault and battery ; nor was the inquiry sufficiently specific in itself to show that the answer could throw any light upon the transaction which was the subject of the prosecution. We think the exception was not well taken. The exception to the ruling of the Court excluding the interrogatory, "How did Herrick get the ticket from Coffin ?" does not appear to be particularly insisted upon by the appellant's counsel. We do not see how the inquiry was material. We cannot forbear to remark that it appears to us, that the fine imposed in this

instance, was quite as heavy as was warranted by the circumstances, as detailed in the paper book.   One ground of the motion for a new trial in the  Court below, was the excessiveness of the fine.   This is not specifically urged here, and if it was, we think, we should not be authorized to interfere with the exercise of the discretion  entrusted to the District Court. It is probable there may have  been  good  reasons for the severity of the sentence which the record fails to disclose.