## JOHN B. DOWNER

### *vs.*

## CHARLES R. READ.

The complaint alleges, that by his promissory note dated Sept. 11, 1858, on demand, for value received, the defendant promised to pay C., trustee of the W. L. Company, or order, $124.51, and that before maturity the trustee duly indorsed and transferred it to plaintiff.   The answer admitted the execution

and delivery of the note, and denied that it "was indorsed or transferred to plaintiff before the maturity thereof, but on the contrary, if any such transfer took place, it was after maturity;" alleges that the trustee had no right to transfer it without the authority of the executive committee of said company, which was never given, and denies the allegation of the complaint, that plaintiff is the actual, legal and *bona fide* holder of the note. *Held*, that such latter allegation, being merely a conclusion of law, said denial is immaterial; that the allegation of the trustee's want of authority to transfer the note, is also immaterial; that the answer admits the execution, delivery, endorsement, and transfer of the note after maturity. *Held*, also, that if plaintiff bought the note with defendant's knowledge and consent, it was no defence to this action, that defendant had, prior to such purchase, paid it to the company.

The referee who tried the case found that defendant paid plaintiff in line $3.75 Sept. 24, 1862, and that plaintiff endorsed the same Sept. 4, 1863; that since said Sept. 24, 1862, up to and on June 29, 1865, defendant paid plaintiff the sum of $51.10 in different sums, of which $44.60 was endorsed on said note in the month of Oct., 1865; that the amount of said note, principal and interest is $305.17; that defendant has paid of that amount the sum of $54.85, and that the balance due on said note is $250.32. *Held*, that this amounts to a finding, that within six years, the defendant has made partial payments on said note

This action was commenced in the district court for Wabasha county on the 4th day of January, 1870, and was tried before a referee, who found for the plaintiff, and judgment was entered on his report. The defendant appeals to this court. The case is fully stated in the opinion of the court.

J. VAN DYKE & SON, for Appellant.

CAMPBELL & BIRDSEY, for Respondent.

*By the Court.*—RIPLEY, CH. J.—Action on promissory note dated Wabasha, Sept. 11, 1858, whereby, on demand, for value received, the defendant promised to pay to S. L. Campbell, trustee of the Wabasha Land Company, or order, $124.51,

with interest from date till paid at the rate of twelve per cent. per annum.

This appeal is from judgment rendered on the report of the referee before whom the case was tried. The first ground of appeal is that the evidence does not support the referee's finding, that plaintiff is owner of the note.

The complaint alleges the execution and delivery of the note to said trustee, and that before maturity, he duly endorsed and transferred it to plaintiff. This sufficiently alleges title in him. The allegation which follows, that he "thereupon became and now is the actual, legal and *bona fide* owner and holder thereof, is but a conclusion of law therefrom. 11 *How. Pr. Rep.* 216; *Frazier vs. Williams,* 15 *Minn.* 288.

The answer admits the execution and delivery; pleads the statute of limitations, and denies that the note "was endorsed or transferred to the plaintiff before the maturity thereof, but on the contrary thereof, if any such transfer took place, it was after the maturity of said note," which puts in issue, not the endorsement, or transfer, but merely that it was before maturity.

The answer then alleges that the trustee had no right to transfer it without the authority of the executive committee of the said company, which authority was never given, and denies that plaintiff "is now, or that he was at the time of the commencement of this action the legal or *bona fide* owner and holder of the said note."

The denial being merely of the conclusion of law above mentioned, is, of course, immaterial, as is the allegation which precedes it.

The trustee had the legal title, and the note was payable to his order. A transfer by him would vest a good title even against the company, unless the endorsee knew of the restriction.

Thus the defendant admits the execution, delivery, endorsement and transfer of the note after maturity.

The referee finds, that Sylvanus Wells (one of the executive committee of the company,) on the 25th day of Feb., 1860, sold and delivered the note (which had been previously endorsed in blank by Campbell,) to plaintiff, for a valuable consideration, and that the transfer and delivery was made with full knowledge and consent of defendant. In as much as the case does not purport to contain all the evidence, the objection that it does not support the referee's findings of fact, is not open to defendant; but aside from that, without going into detail, we are of opinion upon the evidence which the case discloses, that there was evidence reasonably tending to justify such a finding.

And if the plaintiff bought the note with defendant's knowledge and consent, it matters not whether, as defendant alleges, he had previously paid the note to the land company or not.

The defendant says that he might have consented to the purchase, and afterwards, finding the note still in the company's hands, have paid it; in which case, if Downer *afterwards* bought the note, his said consent would not so estop him, and that the referee has not found that such consent was given *after* such payment. This however, overlooks the fact, that the purchase was made with the full *knowledge,* as well as consent of defendant.

The meaning of the finding is not that defendant knew before plaintiff bought the note, that he meant to buy it, and consented to its future purchase, but that he knew of the purchase, and assented to it at the time it took place.

As to the statute of limitations the referee finds as follows:—

6th. That defendant paid plaintiff in lime $3.75, Sept. 24, 1862, and that plaintiff endorsed the same Sept. 4, 1863; that 'nce said Sept. 24, 1862, up to and on June 29, 1865, defendant

paid plaintiff the sum of $51.10, in different sums, of which $44.60, was endorsed on said note in the month of Oct. 1865 :

7th. That the amount of said note, principal and interest is $305.17-100 :

8th. That defendant has paid of that amount the sum of $54.85, and that the balance due upon said note is $250.32.

This amounts to a finding that within six years the defendant has made partial payments on the note.

The evidence which the case discloses is contradictory on the point, but assuming that it is all that was given, if the referee believed plaintiff, there was positive and direct testimony that payments were so made, and his decision would be conclusive.  12 *Minn.* 132, 308.

The action is therefore not barred by the statute.

Judgment affirmed.