JOHN CHADWICK vs. WILLIAM D. CORNISH, Administrator.

March 28, 1879.

**Statute of Limitations—Part-payment.**—Mere part-payment of a debt, without words or acts to indicate its character, is not evidence from which a new promise, to take the debt out of the operation of the statute of limitations, may be inferred. *Brisbin* v. *Farmer*, 16 Minn. 215, followed.

**Evidence—Admissions of Deceased Party.**—Under Laws 1877, c. 40, (Gen. St. 1878, c. 73, § 8,) a party to an action, or interested in the event, may give evidence of any acts of a deceased or insane party or person, although such acts may have in law the effect of admissions. It is only as to conversations or oral admissions that the evidence is excluded.

The defendant's intestate, Mark Hendricks, died on May 23, 1876. A claim of plaintiff against his estate for money had and received by him in 1865 was disallowed in the probate court, and the plaintiff appealed to the district court for Ramsey county, where the defendant pleaded the statute of limitations, and had a verdict, on a trial before *Brill*, J., and a jury. A new trial was denied, and the plaintiff appealed.

*H. F. Masterson* and *A. K. Maynard,* for appellant.

*W. D. Cornish,* for respondent.

GILFILLAN, C. J. In the case of *Brisbin* v. *Farmer*, 16 Minn. 215, this court stated the rule in relation to a part-payment of a debt preventing the running of the statute of limitations, as follows: (p. 224:) "There is no doubt that a part-payment, without words or acts to indicate its character, would not be construed as carrying with it an acknowledgment that more was due and would be paid; *i. e.,* it would not be evidence from which a jury would be warranted in inferring a new promise." Within this rule, the testimony of the witness Hallowell does not show such a part-payment as to take the case out of the operation of the statute. Hendricks merely purchased a wagon for plaintiff, in his presence, stating that it was for a man he owed; and the wagon was thereupon delivered to plaintiff, Hendricks paying for it. It is impossible to construe this into an acknowledgment that more was due than the wagon paid, or, if more was due, that it would be paid.

The cause of action accrued in 1865. Part-payments upon it in 1868 were shown: and to save it from a bar by the statute of limitations, it became necessary to prove a promise or a part-payment, sufficient to take it out of the operation of the statute, made after 1868. The plaintiff attempted to prove such part-payment, by his own testimony. Hendricks, the other party to the cause of action, being dead, on that ground his testimony was excluded. This makes necessary an interpretation of Laws 1877, c. 40. (Gen. St. 1878, c. 73, § 8.)

As the statutes stood prior to 1861, parties in civil actions were admitted to testify without any restriction. Pub. St. *c.* 84, § 51. In 1861, (Laws 1861, *c.* 36,) Pub. St. *c.* 84, § 51, was amended so as to provide that where one of the original parties to the contract or cause of action is dead, or shown to be insane, the other shall not be admitted to testify in his own favor; and where an executor or administrator is a party, the other shall not be admitted to testify in his own favor, except to such acts and contracts as have been done or made since the probate of the will or appointment of the administrator. Gen. St. *c.* 73, § 8, changed the rule again, so as to provide that when one, or, in case of a joint and several contract, all of the original parties on the same side to a contract or cause of action in issue and on trial, are dead or insane, the other party or parties shall not be admitted to testify as to such contract in his or their own favor, except where the transaction on the other side was had by an agent whose testimony is received, etc. This was amended by Laws 1877, *c.* 40, (Gen. St. 1878, *c.* 73, § 8,) so as to read, "It shall not be competent for any party to an action, or interested in the event thereof, to give evidence therein of or concerning any conversation with, or admission of, a deceased or insane party or person, relative to any matter at issue between the parties." This is a broader exclusion than that in the General Statutes; for the latter applies only to an action upon contract, and excludes the parties' testimony only as to such contract, while the law of 1877 applies to all actions, and excludes the testimony of the party as to any conversation with, or admission of, the deceased or insane party, relative to any matter in issue.

The question is, does the word "admission" here refer only to admissions by word, or does it refer also to such acts as have in law the force and effect of admissions?

The majority of the court are of opinion that as the general rule of the law is to admit parties to testify in all cases, and the act of 1877 makes an exception to the general rule, the latter ought not to be construed as including anything

not manifestly within its terms; that it should be construed strictly. The language of the act, "any conversation with, or admission of," refers, strictly, only to spoken words. Construing the act as the majority of the court think it ought to be construed, it does not exclude testimony of the acts of the deceased or insane party, although they may in law have the same effect as oral admissions. I do not think it should be so construed, but that the words, "admission of," should be held to include any admission of the party, whether by word or act.

In accordance with the views of the majority of the court, the order denying a new trial is reversed, and a new trial ordered.