WINTHROP YOUNG, Administrator, *vs.* ANN PERKINS, Administratrix.

June 1, 1882.

**Statute of Limitations—Indorsement on Note.**—To make an indorsement upon a promissory note of a partial payment thereon evidence under Gen. St. 1878, c. 73, § 90, to prevent the bar of the statute of limitations, it must appear by evidence *dehors* the indorsement that it was made at a time when it was against the interest of the holder of the note to make it.

Defendant's intestate died October 20, 1880, and defendant was appointed administratrix of her estate on December 20, 1880. On February 3, 1881, plaintiff filed as a claim against the estate a note made by defendant's intestate, payable to the order of plaintiff's intestate, dated June 18, 1873, on which were several indorsements of payments, the last being dated January 5, 1875. The probate court allowed the claim, and defendant appealed to the district court of Hennepin county. In the district court the action was tried by *Young,* J., without a jury, on stipulated facts, and the claim was disallowed. A new trial was refused, and the plaintiff appealed. All that appears in regard to the note, from the facts stipulated, in addition to its making and delivery, is "that the indorsements on said return (from probate court) which appear are true copies of indorsements which now appear upon the back of the said note." No evidence was introduced by either party as to the time when the indorsements were made.

*J. Guilford,* for appellant.

*Cross, Hicks & Carleton,* for respondent.

BERRY, J. Defendant's intestate was maker, and plaintiff's intestate payee, of a promissory note bearing the following indorsement: "Received, January 5, 1875, one hundred dollars on within note." From this indorsement alone, without any extrinsic fact, can it properly be inferred that such a payment was made upon the note as will preserve a right of action upon it for six years from January 5, 1875?

In *Brisbin* v. *Farmer,* 16 Minn. 215, it was remarked (p. 224:) "There is no doubt that a part-payment, without words or acts to indicate its character, would not be construed as carrying with it an acknowledgment that more was due and would be paid; *i. e.,* it would not be evidence from which a jury would be warranted in inferring a new promise." This rule is followed and applied in *Chadwick* v. *Cornish,* 26 Minn. 28. A careful reading of the opinion of the court in *Brisbin* v. *Farmer* will make it evident that the words "part-payment" are used as the equivalent of the words "payment of a part," and that the meaning of the court is that the payment of a part of a larger subsisting debt, *as a part thereof,* if unaccompanied by facts or circumstances of a contrary or inconsistent tendency, may be evidence from which a new promise can properly be inferred, or, as it may be otherwise stated, evidence of a fact which interrupts the running of the statute of limitations. See *Downer* v. *Read,* 17 Minn. 493. Is the indorsement in this case evidence of such part-payment? Independent of statute, the generally-received rule was that an indorsement upon a note of part-payment was not evidence of such payment, unless it appeared to have been made with the privity of the debtor, or unless it appeared to have been made at a time when its operation would be against the interest of the holder. In the latter case it was admitted as any other declaration against interest. Angell on Limitations, § 241; citing *Roseboom* v. *Billington,* 17 John. 182, and other cases. See, also, *Turrell* v. *Morgan,* 7 Minn. 290, (368.)

Our statute, in Gen. St. 1878, *c.* 73, § 90, enacts that "an indorsement of money received on any promissory note, which appears to have been made when it was against the interest of the holder to

make it, is *prima facie* evidence of the facts therein contained." We imagine that this provision of statute was adopted (in 1866) in view of the holding in *Turrell* v. *Morgan*, (in 1862,) "that indorsements on the back of written instruments are independent writings in the nature of receipts or written declarations, and that they can be read in evidence only after proof made that they are signed by the party sought to be charged, or have received his assent in some binding form." The legislature would seem to have been of opinion that this was not or ought not to be the rule, but that, in accordance with the rule which we have before stated, such an indorsement was, or ought to be, evidence of the facts stated in it, whenever it was in the nature of a declaration against the interest of the holder by or for whom it was made. We do not think that it was the intention of the legislature to go farther; and therefore we conclude that the words "which appears to have been made," are not, as appellant insists, equivalent to the words "which purports upon the face of the indorsement to have been made," or "which is stated upon the face of the indorsement to have been made." They mean just what is meant in the generally-received rule before stated, and which the legislature evidently intended to restore, or to relieve from the doubt thrown upon it in *Turrell* v. *Morgan*, viz., that the fact that the indorsement was made when it was against the interest of the holder to make it must appear, in addition to the indorsement itself; in other words, that fact must appear by evidence *dehors* the indorsement.

We are confirmed in this opinion by reference to Gen. St. 1866, *c.* 73, § 82, which, in the Revision of 1866, immediately precedes the section which is identical with that which we are now considering,— Gen. St. 1878, *c.* 73, § 90. By that section, (82,) in actions brought by the indorsee of a promissory note, possession of the note is made "*prima facie* evidence that the same was indorsed by the person by whom it purports to be indorsed." The use of the words "appears to have been made," in the next section, rather than the words "purports," etc., significantly indicates that the former words were not used as synonymous with the latter, but were intended to convey an altogether different idea. If they are not synonymous with "purports," they can have no other meaning than that which we attribute to

them.    A like inference may well be drawn from the use of the words "purports" and "purporting," in Gen. St. 1878, *c.* 73, § 89, which immediately precedes the section now under examination.

But, independent of verbal criticism, a consideration of consequences leads to the same results.    If the indorsement is *prima facie* evidence of the facts contained in it, without any extrinsic evidence that it was made when it was against the interest of the holder of the note to make it, there is not only no protection whatever against fraudulent indorsements, but a premium is offered for them, especially when the maker of the note is dead.    The holder of a note, or any person interested in it, can manufacture false evidence of partial payment as well after as before the statute of limitations has in fact run against the note, and in this way he can make out a case for himself, to which the maker or his representatives must yield, unless he or they can overcome it by opposing evidence.    This seems to us to be giving the holder an advantage to which he is not entitled, either in reason or sound policy, or by any analogy of the law of evidence.    We are therefore of opinion that the question propounded for examination upon this appeal must be answered in the negative.    To make an indorsement upon a promissory note of a partial payment thereon evidence under Gen. St. 1878, *c.* 73, § 90, to prevent the bar of the statute of limitations, it must appear by evidence *dehors* the indorsement that the indorsement was made at a time when it was against the interest of the holder of the note to make it.    As in the case at bar it does not so appear whether or not the indorsement was made at such a time, it follows that the indorsement does not interrupt the running of the statute, and the right of action upon the note must accordingly be taken to be barred.    As will be seen, we reach the same general result as the court below, though by a different route.

Order affirmed.