PETER ERPELDING *vs.* JOHN LUDWIG.

December 18, 1888.

**Limitation of Actions — Acknowledgment—Statement of Account.—** Under Gen. St. 1878, c. 66, § 24, a statement of account, unless evidenced by some writing signed by the party to be charged, will not prevent the running of the statute of limitations against previously existing liabilities included therein.

**Same—Part-Payment—Entry of Credit for Former Payment.—** The entry of a credit on an account, for an amount which the debtor claims to have paid on it at some former date, (no money being paid at the time of the entry,) does not amount to a part-payment on the date of the credit which will prevent the statute from running.

Plaintiff brought this action, in October, 1887, in the municipal court of Winona, to recover for goods sold and delivered. The answer admitted plaintiff's cause of action, and pleaded as a counterclaim a balance alleged to be due upon an account stated between plaintiff and defendant. To this counterclaim the plaintiff pleaded payment and the statute of limitations. The action was tried by the court, who allowed defendant's counterclaim and directed judgment accordingly. From defendant's own testimony it appeared that the alleged counterclaim was for goods sold by defendant to plaintiff in December, 1878; that nothing has been paid on account thereof since October, 1879; that in July, 1882, there was an accounting and settlement between plaintiff and defendant, which showed a balance due to the defendant; and that on the date of settlement the plaintiff was given a credit of $10, but no cash was paid at that time, and the credit was made upon plaintiff's claim that he had previously paid that sum to defendant. No written acknowledgment of the counterclaim was ever signed by plaintiff. On appeal to the district court for Winona county, *Start*, J., presiding, the judgment of the court below was modified by disallowing the counterclaim. Defendant appeals from the judgment of the district court.

*W. F. Schoregge,* for appellant.

*M. B. Webber,* for respondent.

MITCHELL, J. Gen. St. 1878, *c.* 66, § 24, provides that "no acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this chapter, [relating to the time of commencing actions,] unless the same is contained in some writing, signed by the party to be charged thereby." Under this statute, an account stated, which is not supported by evidence of some writing signed by the party to be charged, will not prevent the running of the statute of limitations against previously existing liabilities included therein. An action upon an account stated may, of course, be established by oral promises or acknowledgments; but such proof will not operate to take the case out of the general rule of limitation. The stating of the account does not, either with an express oral promise or an implied promise to pay it, fix a new period from which the statute starts to run. Ang. Lim. § 274; Wood, Lim. § 280; *Chace* v. *Trafford*, 116 Mass. 529; *Sperry* v. *Moore's Estate*, 42 Mich. 353, (4 N. W. Rep. 13.)

The principle upon which part-payment of a debt will take a case out of the statute is that such a payment amounts to an acknowledgment of the debt from which the law implies a new promise to pay. Hence, in order to have that effect, the payment must be a voluntary one, made as a part of a larger indebtedness, and under such circumstances as will warrant the court or jury in finding an implied promise to pay the balance. Wood, Lim. §§ 97, 104; Ang. Lim. § 240; *Brislin* v. *Farmer*, 16 Minn. 187, (215;) *Chadwick* v. *Cornish*, 26 Minn. 28, (1 N. W. Rep. 55.) See, also, *Young* v. *Perkins*, 29 Minn. 173, (12 N. W. Rep. 515.) At the time of the alleged payment which is relied on by defendant to take his claim out of the statute, there was no money paid or any other valuable thing given by plaintiff to the defendant. All there was of it, according to defendant's own testimony, was that plaintiff, on looking at defendant's statement of the account, claimed that he had paid $10 on it, for which he had not been credited, and that thereupon defendant replied "all right," and gave him credit on that day for the $10. Certainly, no promise by plaintiff on that date to pay the account can be inferred from the mere fact that he claimed he had made a payment on it at some former date, for which he had not been credited.

Conceding that the $10 payment had been made at some time, there is no evidence that it was within six years before the commencement of the action; and the burden was on defendant to prove that fact, if he relied on the payment to take the claim out of the statute.

Judgment affirmed.