G. A. COUSINS *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

April 30, 1890.

**Statute of Limitations—Account for Goods Sold at Different Dates.** —An account showing on one side items for goods sold and delivered at different dates, and payments made by the purchaser on the other side, is not a mutual, open, current account, within the meaning of the statute of limitations; and its operation is not suspended, as respects the earlier items of the account, until the date of the last item proved therein.

Action brought in the district court for Anoka county, to recover $2,336.38, with interest from July 15, 1882. Trial before Robert D. Russell, Esq., as referee, who ordered judgment for plaintiff for $196.75. Plaintiff appeals from the judgment.

*Morrill & Niles,* for appellant.

*M. D. Grover,* for respondent.

VANDERBURGH, J.[1] The action is brought to recover a balance on an account for lumber sold to the defendant by one W. Hammons, the cause of action having been by the latter assigned to the plaintiff. It was tried before a referee, who finds that the lumber was furnished to the defendant during the years 1881–82, on orders for specific quantities. The prices were not agreed on before delivery, but were generally fixed by the defendant. Several different accounts were made out for the lumber furnished in 1881, which were approved

---

[1] Mitchell, J., was absent, and took no part in this case.

by defendant's officers, and subsequently paid to Hammons. Some he receipted in full. In respect to others, he insisted that the prices fixed and paid by defendant were too low. In January and February, 1882, Hammons also shipped to defendant two different lots of ties, sending separate invoices with each shipment. These were paid for at his own price. The last transactions were two shipments of piles to the defendant on the 24th and 29th days of June, 1882, respectively, which have never been paid for, and for which the referee finds there is still due the sum of $130.86 and interest. In respect to any alleged balance of account due and unpaid for the lumber furnished in 1881, the referee ruled that the statute had run before this suit was brought; the last bill of lumber furnished that year having been delivered in November, 1881, and this action was commenced December 23, 1887. In this we discover no error. The account, in this case, is not a mutual, open, current account, with reciprocal demands between the parties; nor does the referee find that the lumber delivered was all furnished upon, and in pursuance of, one entire contract, and it is not assigned as error that the findings of fact are insufficient or unsupported in this respect. And the operation of the statute of limitations was not suspended, as respects previous items, until the delivery of the last. The only amount for which a recovery can be had, therefore, is for the balance due for lumber furnished in 1882. The record in this court does not show that the amount so found due plaintiff for these items is too small, nor is that question raised by the assignment of error.

Judgment affirmed.