THOMAS J. CLARKIN and Others v. JOHN BROWN.[1]

July 5, 1900.

Nos. 12,057—(187).

## Statute of Limitations—Part Payment.

A voluntary part payment upon an account, made without condition or qualification, within the six-year period prescribed by the statute of limitations, operates to suspend the statute, and revives, from its date, whatever right of action existed before.

## Assent to Payment by Another.

Where a payment is made by an unauthorized person on account of another, and the latter afterwards assents thereto, he is bound by it, and it has the same effect as though made by himself.

## Statement of Account—Effect of Approval.

After the expiration of six years from the date of a sale of goods to defendant there was shown and exhibited to him a statement of account, in which appeared a credit item of an amount paid by his daughter, without his knowledge or consent, with the date of such payment, about two years prior to the time such account was exhibited to him. He pronounced the statement of account correct: *Held*, that he thereby approved, ratified, and adopted the payment as his own, was bound by it, and that his adoption of the payment related back to the day it was made.

Action in the municipal court of St. Paul to recover $155.91 for goods sold and delivered. The case was tried before Orr, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiffs appealed. Reversed.

*How & Taylor*, for appellants.

*F. L. McGhee*, for respondent.

COLLINS, J.

This action was brought in 1899 to recover for groceries sold to the defendant between May 1, 1888, and July 3, 1891. It was alleged in the complaint that one dollar was paid May 31, 1897. The defendant, in his answer, denied such payment, and set up the statute of limitations. The case was tried without a jury, and the court

[1] Reported in 83 N. W. 351.

first found that this payment of one dollar was not made by the defendant, that it was not acquiesced in by him, and that it was not made at his instance, request, or direction. The court further found that such payment has not been ratified, adopted, or approved by the defendant. Upon motion of the plaintiffs' counsel this finding was stricken out, and thereupon, at the request of said counsel, the following was substituted:

"That on or about the 31st day of May, 1897, the sum of one dollar was paid to the plaintiffs upon the account of the defendant by the defendant's daughter, and that said payment was not made at the instance or request or by the direction of the defendant; that thereafter, and on the 1st day of August, 1899, the plaintiffs, by their attorney, exhibited and showed a statement of said account to the defendant, which showed the indebtedness against said defendant, and the date and amount of the said payment made by the daughter of the defendant; and that the defendant then and there stated that the statement was correct, but refused to pay the said indebtedness."

The correctness of the conclusion of law in defendant's favor must depend upon this finding, for, if insufficient to warrant the conclusion, the latter must fall. The sufficiency of the evidence to support it is not challenged by plaintiffs' counsel, and probably could not be, because the substitution was made at their instance, and on plaintiffs' appeal counsel for defendant is not in position to question it, although he would have abundant reason for so doing. The finding governs without regard to the evidence. Therefore, the only question in the case is whether the defendant's statement that the account was correct, made some time after the statute of limitations had run against the claim, operated to prevent him from relying upon the statute as a bar to recovery. Upon an examination of the authorities in this state, as well as in others with a statute similar to our own, which provides (G. S. 1894, § 5154):

"No acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this chapter, unless the same is contained in some writing, signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest,"

—it will be seen that the distinction between part payments made

before the statute has run and like payments made after the statute has operated to bar the claim has not always been kept in mind, and this has led to many confusing and misleading statements. There is a distinction in principle and on authority, although this is denied by some courts. But we need not concern ourselves with this, or what the distinction may be, for in this case the payment upon which plaintiffs must rely was made before the statute had run. If it had been made by the defendant himself or by his authority, express or implied, it would have suspended the running of the statute, for it was voluntary, was part payment of a larger indebtedness, and was without condition or qualification. Under such circumstances, part payment operates to renew the account for another period of six years, and to renew, from its date, the right of action. Engmann v. Estate, 59 Wis. 249, 18 N. W. 182; Williams v. Gridley, 9 Metc. (Mass.) 482; Sibley v. Lumbert, 30 Me. 253; State v. Harris, 96 N. C. 118, 1 S. E. 459; Miner v. Lorman, 56 Mich. 212, 22 N. W. 265.

When the account was presented and exhibited to defendant in 1899, more than six years after the last sale, he stated, according to the findings, that it was correct. This statement of account contained the credit item of one dollar paid by the daughter, with the date of payment. Defendant did not repudiate the item or disavow the act of his daughter in any manner. To the contrary, he approved, ratified, and adopted it by his admission and assertion that the statement of account was correct. His adoption of the payment related back to the day it was made. Where a payment is made by an unauthorized person on account of another, and the latter afterwards assents thereto, he is bound by it, and it has the same effect as though made by himself. First v. Ballou, 49 N. Y. 155. The position taken by plaintiffs' counsel, that defendant's statement that the account as presented was correct amounted to a new promise sufficient to revive the statutory bar, cannot be upheld.

Judgment reversed, and a new trial ordered.