C. P. REEVES v. FRANKLIN J. SAWYER and Another.[1]

January 9, 1903.

Nos. 13,216—(152).

**Statute of Limitations—Credits by Attorney.**

   Where an attorney makes collections for a client and applies the amounts collected in payment of previous services due him, an entry of such credits on his account books will not suspend the operation of the statute of limitations as to portions of the account previously barred.

[1] Reported in 92 N. W. 962.

**Conversation with Deceased Person.**

The surviving party to an action, or one interested in the event thereof, is prohibited from giving conversations either directly carried on with a deceased party, or from giving the results or inferences that might be derived from such a conversation.

**Evidence.**

Where evidence has been improperly admitted on the trial of an action, and the court finds against such evidence, it must be treated as having been disregarded, and cannot be considered on review here.

From an order of the probate court for Hennepin county allowing in full a claim filed by plaintiff against the estate of Burt J. Sawyer, deceased, defendants, as administrators of the estate, appealed to the district court for said county. The case was tried before Pond, J., who found that certain items of the claim accrued more than six years prior to the death of decedent, and judgment was ordered reversing the order of the probate court as to those items. From an order denying a motion for a new trial, plaintiff appealed to the supreme court. Affirmed.

*Wilson & Van Derlip*, for appellant.

*M. H. Boutelle* and *N. H. Chase*, for respondents.

LOVELY, J.

Burt J. Sawyer, a resident of Minneapolis, died intestate September 8, 1900. Previous to this date he had been engaged in carrying on an extensive farm and operating a general store at Glenwood, in this state. Appellant, who was an attorney at law, from November 22, 1891, until April 1, 1896, rendered legal services for decedent, and advanced moneys for insurance and taxes on his property, aggregating in amount several thousand dollars. For these services and advances he had from time to time made charges on his books of account, and had also entered credits of amounts received, whereby it appeared, when Sawyer died, that there was still an unpaid balance due to appellant of $656.77. Administration upon decedent's estate was granted respondents in Hennepin county. Appellant filed his claim for the amount stated, which the probate court allowed in full. From this allowance the administrator appealed to the district court, which dis-

allowed the charges previous to February 28, 1894, for the reason that they were barred by the six-years limitation statute.

The trial court found as a fact that the services were not made or rendered under any general retainer or employment, but from time to time, in the usual course of business between attorney and client, which related to various matters placed in appellant's hands in the ordinary manner. It was further found by the court that on February 28, 1894, there was due appellant a sum in excess of $200; also, that there were three credits subsequent to this date, one of $25, for money appellant had collected on a note placed in his hands for that purpose, which he applied as a credit in his favor; likewise a further credit on April 1, 1895, when appellant collected another note for intestate of $10, which he also applied in the same way; but that the amounts thus collected and retained by the appellant were thus applied without direct authority given by deceased. These findings were formally challenged, and amendments proposed, wherein the court was asked to adopt findings of fact substantially to the effect that the entire account was recognized and acknowledged by deceased in his lifetime. The court declined to amend its findings, and hence it becomes the decisive question on this review whether the evidence supports the findings of fact as adopted, or so conclusively establishes the proposed amended findings that the facts established are inconsistent with any other inference.

So far as the evidence relates to the credits previous to February 28, 1894 (more than six years before the death of the intestate), the testimony fails to show that they were made under authority from decedent to make any application on payment of decedent's account; therefore such entries did not suspend the operation of the statute upon the uncollected amounts due the appellant before that time. Chadwick v. Cornish, 26 Minn. 28, 1 N. W. 55; Young v. Perkins, 29 Minn. 173, 12 N. W. 515; Willoughby v. Irish, 35 Minn. 63, 27 N. W. 379; Erpelding v. Ludwig, 39 Minn. 518, 40 N. W. 829; Cousins v. St. Paul, M. & M. Ry. Co., 43 Minn. 219, 45 N. W. 429. The receipt of money on an account by a debtor without objection makes it prima facie evidence of the claim, but it does not alone, without contract, estop the debtor

from pleading the statute of limitations. Verrier v. Guillou, 97 Pa. St. 63. In the case of Clarkin v. Brown, 80 Minn. 361, 83 N. W. 351, cited for appellant, the payment to toll the statute of limitations was, upon the facts and findings of the court, made by the authority of the debtor, and is clearly distinguishable from the conceded facts here.

On April 1, there was a charge in appellant's account for expenses to Winnipeg of $50, and a credit thereon on the same day for the same amount. The evidence in reference to this matter tended to show that plaintiff was employed by the general attorney of intestate to visit Winnipeg and investigate the policy of redeeming certain lands owned by intestate and another. This sum was received upon a demand then made by appellant for compensation, and, so far as this item is concerned, must be treated as terminated, and not a part of the mutual and open account. Cousins v. St. Paul, M. & M. Ry. Co., supra.

In adopting its findings of fact, the trial court excluded these three items. As a necessary result there were no credits to extend that part of the claim which was excluded, but it was attempted to show that the account as filed and allowed in the probate court had been made out by appellant before the death of intestate and submitted to him; that such account embraced these credits, and that intestate practically acknowledged the same. Had there been an affirmative acknowledgment of this entire account, appellant's amended findings should have been adopted. But the evidence goes no further than to show that an account was presented to the intestate without being objected to. Assuming that the account was in every respect the same as that filed in the probate court, and contained the items of credit which were excluded, the only evidence to establish an admission of the same was in the testimony of appellant himself in answer to the following question:

"Did he (referring to intestate) ever object in any wise to any item in that account?"

This question was objected to as calling for the statement of a

deceased person. The objection was overruled, and the witness answered, "No."

This was something over two years before the death of intestate, and it is strenuously urged that the retention of this account without objection during that period furnished the only evidence upon which the court could act, and required a positive finding that the credits had been authorized, thereby constituting a sufficient admission to suspend the operation of the statute in that respect. The court, however, has found as a fact that the credits were not authorized, and that the statute had not been suspended. In support of this finding we are in duty bound to exclude incompetent evidence which may have been received by the court, for it must be presumed that it was disregarded if such a course is necessary to support its conclusions of fact. In other words, we cannot set aside a finding of fact depending on substantial or controlling evidence improperly received; and this brings us to the question whether the testimony by appellant to the effect that no objection had been made to his account by intestate was proper, and we are of the opinion that the reception of this evidence was error, and that it should not affect the findings. The statute applicable to this matter reads as follows:

"It shall not be competent for any party to an action or interested in the event thereof, to give evidence therein of or concerning any conversation with, or admission of, a deceased * * * party * * * relative to any matter at issue between the parties." G. S. 1894, § 5660.

Even if it were proper to have permitted appellant to state that no conversation occurred between the deceased and appellant, the effect of the answer permitted against objection went further than this, for it allowed the witness to determine in his own mind, in answering this question, what would have been an objection or an assent to the account, and thus permitted the witness to give a conclusion drawn from either the conduct or, perhaps, conversation of a deceased party, which would be more dangerous than if all that might have been said between the survivor and the deceased had been repeated. Redding v. Godwin, 44 Minn. 355, 46 N. W. 563; Madson v. Madson, 69 Minn. 37, 71 N. W. 824.

Again, it is our duty to sustain the findings of the trial court if, upon a fair review of the evidence, they are in accord therewith, and we are not able, after such an examination, to say that it was the duty of the trial court in view of all the facts, to have accepted absolutely the statements of the appellant in respect to the inference drawn from the conduct of the deceased.

Order affirmed.

COLLINS and BROWN, JJ. (dissenting).

We dissent. Appellant presented an itemized statement of his account to the deceased a year prior to his death, and it was retained and never objected to. The statement was handed by deceased to his business manager, Dunnett, who, the evidence shows, had "entire charge of his affairs," and was never objected to by him. No objection is now made to the items for services rendered or for money paid out for the deceased. The only objection made to the account at this time is that a portion of the items thereof are barred by the statute of limitations, and this is founded on the claim that a credit appearing in the statement was unauthorized, and did not have the effect of a payment voluntarily made. Accepting and retaining the account without objection was an admission of its correctness, from which the law implies a promise to pay the balance shown to be due thereby; and it became an account stated. Elwood Mnfg. Co. v. Betcher, 72 Minn. 103, 75 N. W. 113.

The case comes fairly within the principle of Clarkin v. Brown, supra. In that case the trial court found as a fact that the payment relied upon was not made "at the instance or request or by the direction of defendant." And the decision of this court was placed upon the failure of the debtor to object to the account when presented to him.

Even if it be conceded that the testimony of Reeves, to the effect that deceased never objected to the account after it had been delivered to him, was inadmissible as tending to show a conversation with a deceased person, deceased was bound by the conduct and acquiescence of his general agent and business manager, Dunnett, who, as the evidence shows, had entire charge of his affairs.