RODGERS *v.* ROBSON.

1. LIMITATION OF ACTIONS—PART PAYMENT—INDORSEMENT—NECESSITY OF CONSIDERATION.

   A mere indorsement of part payment on a mortgage note without consideration will not serve to prevent the running of the statute of limitations respecting the foreclosure of mortgages (§ 9725, 3 Comp. Laws).

2. SAME—ACKNOWLEDGMENT—WHAT CONSTITUTES.

   A letter from mortgagor to mortgagee stating that the mortgagor has an opportunity to sell a part of the land ''you have a mortgage on'' and asking whether the mortgagee will release the part described for a consideration named is not sufficient to suspend the statute of limitations.

3. SAME—INTERRUPTION OF STATUTE—HOW ACCOMPLISHED.

   Whether the running of the statute of limitations respecting mortgage foreclosures can be interrupted for any cause other than payment, quære.

Appeal from Clinton; Searl, J. Submitted February 15, 1907. (Docket No. 153.) Decided March 26, 1907.

Bill by Daniel S. Rodgers against John H. Robson, executor of the last will and testament of David A. Hayt, deceased, to foreclose a mortgage. From a decree dismissing the bill, complainant appeals. Affirmed.

This is a suit brought to foreclose a mortgage dated December 5, 1883. It was given to secure a note for $550, executed by the defendant's testate, and was payable December 5, 1888. The record does not show the date of filing the bill. It was heard in open court March 24, 1906, and decree entered April 23, 1906, dismissing the bill. It is conceded that the mortgage is barred by the statute of limitations, unless it was kept alive by an indorsement upon the note of $300, dated October 16, 1901, or by a letter written by the mortgagor to the complain-

ant, the mortgagee, on July 15, 1903, in which the mortgagor stated:

"I have a chance to sell 26⅔ acres of land you have the mortgage on. I would like to know, if I pay you $500, if you will release the mortgage on the 26⅔ acres? [describing it]."

To the letter complainant made no reply.

The sole evidence of the circumstances under which the indorsement of the $300 was made is that of the complainant himself, who testified as follows:

"*Q.* What took place, and what was said between you at the time this indorsement was made, at your place?

"*A.* I told him I would give him $400 on the mortgages and he said he would do what he could about raising the money. He offered his place for $2,000, and if he could sell it he would pay me. * * * I don't remember as anything more was said. The indorsement was made.

"*Q.* He was there when you indorsed it?
"*A.* Yes, sir.
"*Q.* Did he see you indorse it?
"*A.* I suppose he did. He sat right there.
"*Q.* How far was he from you?
"*A.* Well, he sat not far.
"*Q.* Did you have these notes there?
"*A.* Yes, sir.
"*Q.* Did he see you have the notes?
"*A.* I think so.
"*Q.* Did he see you writing on them?
"*A.* Yes, sir.
"*Q.* What did you say to him in reference to having him indorse something on them?
"*A.* I told him I would give him $400 on the mortgages. That is all that was said.
"*Q.* What did he say in reply to that?
"*A.* I don't remember."

*C. C. Yerkes*, for complainant.

*A. G. Shepard*, for defendant.

GRANT, J. (*after stating the facts*). 1. The statute on the subject (3 Comp. Laws, § 9725) reads as follows:

147 MICH.—42.

" No suit or proceeding shall be maintained to foreclose a mortgage on real estate, either at law or in equity, unless commenced within fifteen years from and after such mortgage shall be due and payable, or within fifteen years after the last payment was made on said mortgage."

Payment implies that the payor has parted with money or other valuable thing, and that the payee has received it in part liquidation of the debt. It is not indorsement that satisfies the statute. It is actual payment. Otherwise it would be an easy matter for a payee to avoid the statute. An agreement to forbear a part or whole of the debt without any consideration is void. The mortgagor in this case paid nothing. The mortgagee received nothing. It would be a misnomer to call such a transaction a payment within the meaning of the statute. *Blanchard* v. *Blanchard*, 122 Mass. 558; *Erpelding* v. *Ludwig*, 39 Minn. 518; *Young* v. *Alford*, 113 N. C. 130; *Areaux* v. *Mayeux*, 23 La. Ann. 172; 19 Am. & Eng. Enc. Law (2d Ed.), p. 326.

2. The letter did not operate to suspend the statute. It is not sufficient under the general statute of limitations (3 Comp. Laws, chap. 268, § 9740), requiring the acknowledgment or promise to be in writing, even if we should hold that section 9740 was applicable to the foreclosure statute. It contained no new promise to pay, and was not an acknowledgment of the entire debt. It was merely an inquiry to ascertain if the mortgagee would discharge the mortgage as to a part of the land if the mortgagor would pay $500. The statute had nearly run against the right to foreclosure. A mortgagor cannot maintain a bill to set aside the mortgage after action is barred by the statute; and, if barred, the mortgagor might have been willing to obtain a release of part by paying a certain sum. *Carr* v. *Carr*, 138 Mich. 396; *Halladay* v. *Weeks*, 127 Mich. 363; *Throop* v. *Russell*, 145 Mich. 482; *Currier* v. *Lockwood*, 40 Conn. 349; 6 Current Law, p. 480; *Bell* v. *Morrison*, 1 Pet. (U. S.) 351. In the last case, the payor wrote the payee: " I know that we are owing you,

and I am anxious it should be settled," and offered to pay $7,000 in full settlement. It was held that the letter did not take the case out of the statute.

Whether the running of the statute can be interrupted for any cause other than payment—quære. As it is not necessary to the determination of the case, we do not decide the question.

Decree affirmed, with costs.

MCALVAY, C. J., and CARPENTER, BLAIR, and MONTGOMERY, JJ., concurred.