LARS M. LARSON v. ROLLOF O. LUND and Another.[1]

December 31, 1909.

Nos. 16,350—(70).

**Parol Contract for Future Trust Invalid as Last Will.**

An oral contract that, in consideration of support and maintenance of another for life, the person furnishing the consideration should, after the death

[1]Reported in 123 N. W. 1070.

of the person supported take his estate, hold the same in trust until a certain minor reached his majority and then deliver all to the cestui que trust, is void as a testamentary disposition of property.

**But Validated by Delivery of Title and Possession.**

If under such a contract title and possession to the property were delivered during the life of the owner, it would be a valid transaction.

**Same — Evidence.**

Evidence considered, and *held* not sufficient to justify a finding that possession was so given and title transferred.

Action in replevin in the district court for Goodhue county by the administrator of the estate of Ole R. Hammer, deceased, to recover possession of certain property, or the sum of $4,500 in case recovery could not be had, and $500 damages for the detention thereof. The answer alleged that on or about September 16, 1901, the decedent made an oral contract with defendant, whereby in consideration of the agreements made by defendant, the decedent agreed that all of his property after his death was to go to a minor son of defendant, John Oscar Lund, when the latter became twenty-one years of age, and until that time defendant should hold and care for it. The answer alleged that in consideration for this contract defendant was to keep, support and care for Hammer until he died. The case was tried before Williston, J., who made findings of fact and as conclusion of law found that defendant Lund was entitled to possession of the property in controversy, and to hold, care for and keep the same until John Oscar Lund should arrive at the age of twenty-one years, at which time defendant should deliver the same to John Oscar Lund. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*A. J. Rockne* and *W. A. McDowell,* for appellant.

*Mohn & Mohn,* for respondents.

O'BRIEN, J.

The plaintiff, as the administrator of the estate of Ole R. Hammer, deceased, brought this action in replevin against the defendant to recover possession of certain personal property belonging to Hammer during his lifetime. The defendant alleged that, about one

year prior to the death of Hammer, he entered into a contract with the deceased, whereby he undertook to board, lodge, and care for the deceased during the remainder of his life, in consideration whereof the deceased agreed that, upon his death, the defendant should take possession of and hold all his property for the benefit of John Oscar Lund, a minor son of the defendant, until the minor should arrive at the age of twenty-one years, when the property should be delivered to him; that on November 12, 1902, in pursuance of said contract and at the direction of the deceased, the defendant took possession of the property and accepted it as trustee for his son. Hammer died at the defendant's house November 15, 1902. The action was tried by the court without a jury, and the facts were found substantially in accordance with the allegations of the answer, and judgment directed in favor of the defendant.

The contract as claimed by the defendant, which was sufficiently established by disinterested witnesses, present when it was entered into, would, in the absence of a direct transfer of title and possession during Hammer's lifetime, necessarily be held to be an invalid attempt to make a testamentary disposition of his estate, but, if the finding of fact that the deceased during his lifetime actually delivered possession of the personal property to the defendant in accordance with and for the purpose of carrying out the contract can be sustained, the conclusions of law were correct. The deceased at the time when it is claimed delivery was made was the absolute owner of the property, and had a perfect right to dispose of it as he saw fit, and, if he then delivered it to the defendant in consideration of what the defendant had already furnished towards his support and upon his promise to support him for the remainder of his life, it would be a present and valid disposition of personal property, and for interfering with such a transaction no ground is stated in the pleadings or the evidence.

Hammer retained possession of the personal property up to about November 10, 1902, when the court finds possession delivered to defendant. Olaf Lund, one of the defendant's sons, testified that about that time while he was nursing or attending him "he [Hammer] said that I should go down and call father, that he wanted to speak

to him;" that he did so, and the defendant came up, the witness Olaf, however, not remaining in the room while the defendant was there. The defendant testified that upon receiving the message he went to Hammer's room, and further testified as follows: "Q. What, if anything, did Ole R. Hammer then do in regard to his property and the property mentioned in this case? * * * A. He made a motion with his hands towards his property, to that box that he had his notes. * * * Q. And how far from him did this box stand? A. Oh, I don't know, a little over a step, three or four feet, something like that. Q. It was not where you could reach it? A. No; couldn't reach it. Q. Then you may state what he did? * * * A. He made a motion with his hands towards that box. * * * Q. After that, what did you do in reference to the property? A. I took possession of it. * * * Q. Have you kept possession of it ever since? A. Ever since."

The defendant was incompetent to testify to any conversation with or admission of the deceased. The statute does not forbid testimony as to the acts of a deceased person (Chadwick v. Cornish, 26 Minn. 28, 29, 1 N. W. 55), but does forbid a witness who is incompetent under the statute from stating conclusions which he drew from the conversation. Merhoff v. Merhoff, 84 Minn. 263, 87 N. W. 781; Reeves v. Sawyer, 88 Minn. 218, 219, 92 N. W. 962. If we exclude from this testimony, as we must, everything except the fact that Hammer waved his hand toward the box containing the property, and that the defendant thereupon took possession, is there sufficient testimony to support a finding that the property was delivered into the possession of the defendant pursuant to the original contract and for the purpose of carrying it into effect? The testimony does not show that Hammer, although very sick, was then in expectancy of death, it does not show that the defendant realized how near death the deceased was, it does not conclusively appear that Hammer saw the defendant take possession of the property, for, while the defendant says that thereafter he took possession of the property, he does not, in so many words, say that he did so at once and with Hammer's knowledge. The testimony was not sufficient to sustain a finding that possession of the property was delivered to the defendant during the lifetime of the deceased.

The order denying a new trial is reversed.