AMBROSE C. KINGSLAND AND ARTHUR GILLENDER *against* GARRETT W. RYCKMAN.

An executor who makes, in his individual capacity, a lease of premises belonging to the estate which he represents, can recover on such lease in his individual capacity.

One of two joint tenants or tenants in common cannot singly make a lease which will bind both.

APPEAL from a judgment entered on the report of a referee.

The action was to recover the last quarter's rent due on a lease of 220 Mercer street, in New York city, for the three years ending May 1st, 1871, at the yearly rent of $1,500.

The answer admitted the facts alleged as the cause of action, but set up as a counter-claim that the plaintiffs had leased the same premises to the defendant for one year, from May 1st, 1871, for the yearly rent of $1,500, but had afterwards refused to comply with their agreement, and had leased the premises to the Fire Department of the city of New York for the same term, at a rental of $2,000.

For this alleged breach of contract the defendant claimed to recover $500.

On the trial, it appeared that the premises in question formed part of the estate of George Lovett, deceased, but that

the plaintiffs had made the lease under which the rent was claimed, without indicating that they did so otherwise than in their individual capacity.

The evidence introduced to sustain the alleged counter-claim is stated in the opinion. The referee rejected the counter-claim, and judgment was entered for the amount of rent due.

*Robert W. Andrews*, for appellant.

*Starr & Ruggles*, for respondent.

By THE COURT.*—ROBINSON, J.—Whatever may have been, in fact, the representative characters of the plaintiffs when making the lease for three years from May 1st, 1867, upon which suit was brought, they made it in their individual characters, and as such are entitled to recover the rent claimed.

The counter-claim founded upon an alleged parol agreement for the reletting of the premises for another year to defendant, and the alleged subsequent lease thereof to the Fire Department for the same term, and refusal to allow the defendant to enter into possession, is only supported by his testimony that, on his application to the plaintiff Kingsland, in February, 1870, and stating that he would like to have the place for another year at the same rent, Mr. Kingsland said he might have it, and defendant thereupon replied he would take it; that, at that time, the Fire Department was in possession as his subtenants, and the only evidence of refusal to put him in possession is, that subsequently, in March, 1870, a son of the plaintiff Kingsland stated to him, in presence of the defendant, that he had let the premises to the Fire Commissioners for $2,000 a year, and Mr. Kingsland said he was sorry. On this evidence, judgment having been given for the rent in arrear on the original lease, the defendant alleges error in the disallowance of his counter-claim.

The evidence produced wholly failed to show any authority for the reletting of the premises by or on behalf of the plaintiff

---

* Present, DALY, Ch. J., ROBINSON and LOEW, JJ.

Gillender. No copartnership in the land was shown to exist between him and Mr. Kingsland, and whether their relations were those of joint tenants or tenants in common, the one had no power of alienation of the estate of the other, or to enter into any agreement, warranty of title, or assurance of title or possession for the other (2 Kent Com. 360). Whatever right of action may have existed in the defendant against Mr. Kingsland individually, it could constitute no subject of set-off or counter-claim in this action for the rent due the plaintiffs jointly on the original lease.

The judgment should be affirmed.

DALY, Ch. J., and LOEW, J., concurred.

Judgment affirmed.

* Present, DALY, Ch. J., ROBINSON and LOEW, JJ.