BYRON PORTER *vs.* LOREN FLETCHER and another.

## March 5, 1879.

Fraud in sale of land to joint purchasers—Both must join in action.—The complaint alleges that the defendants were owners of certain lots in an addition to Minneapolis, and, to induce plaintiff and L. to purchase, and to cheat and defraud them, made certain false and fraudulent representations as to the size and location of the lots with respect to certain streets; and that, believing in such representations, plaintiff and L. purchased, paid a specified consideration, and took a conveyance to them from defendants, and alleges damages by reason of said matters. *Held*, The complaint states a cause of action, and defendants cannot impute to the purchasers negligence or indiscretion if they relied on the representations as to the size and location of the lots, instead of consulting the recorded plat; and also, that the cause of action is joint in plaintiff and L., and they should join as plaintiffs in an action to recover the damages, and that the cause of action cannot be divided by mere act of the purchasers, as by partition of the lots.

Demurrer for non-joinder of parties.—Where a complaint shows the cause of action to have accrued to plaintiff and others jointly, a demurrer for non-joinder of such others will lie, although the complaint does not show that such others are alive.

Nature of such demurrer.—A demurrer for defect of parties is not a substitute for the common-law plea in abatement.

Appeal by defendants from an order of the district court for Hennepin county, *Vanderburgh, J.*, presiding, overruling their demurrer to the complaint.

*Lochren, McNair & Gilfillan*, for appellants.

*Chas. J. Bartleson*, for respondent.

GILFILLAN, C. J. The complaint alleges that in May, 1877, the defendants owned six certain lots in an addition to Minneapolis, and, to induce plaintiff and one Libby to purchase the same, and with intent to cheat and defraud them, falsely and fraudulently represented to them that the lots extended out to and fronted on Twenty-first avenue south, and Minnehaha avenue, and thence back to an alley through the centre of the block, and were about the ordinary size of lots in that vicinity—to wit, about fifty feet front by about one hundred and fifty-seven feet deep; and that, believing in said representations, the plaintiff and Libby purchased the lots from defendants, and paid them therefor $3,000, and defendants conveyed the lots to them; that such representations were false, and known to defendants to be so; and that, except as to a part of one of them, the lots do not extend to the avenue, but that a strip of land about forty feet wide, owned by other persons, and not conveyed by defendants' deed, lies between the lots and the avenue; that afterwards, and before they discovered the fraud, plaintiff and Libby made partition of the lots, each taking in severalty three of them; alleges that, by reason of such matters, plaintiff has sustained damages to a specified amount, and demands judgment therefor. The defendants demurred: *first*, for defect of parties plaintiff, because Libby is not joined; and, *second*, because the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled.

And so far as the second ground of demurrer is concerned, we think it was correctly overruled. For although it may be true that the purchasers might, by going to the office of the register of deeds and examining the plat, have ascertained the size and location of the lots, yet we do not think the defend-

ants can impute to them negligence or indiscretion, if, relying on the defendants' representations, they did not deem it necessary to do so.

The first ground of demurrer is well taken. An objection is made that a demurrer for defect of parties will not lie, except it appears from the complaint that the original proper party to the cause of action not joined is still alive, so that he can be made a party, or, if dead, who succeeded to his interest or liability, as seems to have been required in a plea in abatement for want of proper parties, at common law. If this were so, it would be difficult to conceive a well-drawn complaint upon which the question of want of proper parties could be raised by demurrer. The demurrer given by the statute is not a mere substitute for the plea in abatement. The former raises a question of law upon the facts stated in the complaint. The latter presented an issue of fact, and as it was regarded as a dilatory plea, strict rules were applied to it, and it was required to state the facts so fully as to exclude the possibility of its having been improperly interposed. The demurrer presents the issue of law that upon the facts stated in the complaint, no other facts appearing, another party named should be joined as plaintiff or defendant. If, on those facts standing alone, some other party should be joined, the complaint ought to have alleged other facts, showing that the interest or liability of such other party had ceased.

The cause of action accrued when the defendants obtained the consideration for the purchase through the fraudulent representations, and if joint, it could not be divided by mere acts of the purchasers. That it was in them jointly hardly admits of question. It was a joint purchase, a joint contract. If, after the conveyance was made, they had failed to pay the consideration, the cause of action to recover it would have been against them jointly, and not severally. Their joint interests were prejudiced by the fraud; the wrong was against them as joint contractors. The case is not affected

by the fact that, after the conveyance to them, the statute·
annexed to their title the incidents of a tenancy in common
and not of a joint tenancy, but must be governed by the char-
acter of the transaction as between them and defendants.
The demurrer for defect of parties should have been sus-
tained.

    Order reversed.