JOHN PARKER *vs.* H. C. MAXWELL.

Submitted on briefs Nov. 10, 1892. Decided Dec. 14, 1892.

**Usury in Note for Money Loaned and Property Sold.**

Evidence *held* sufficient to sustain the conclusion that a promissory note given for money loaned and personal property sold was usurious. If more than legal interest was exacted for the loan of the money, it was usury, even though property was sold as part of the same transaction.

**Facts Stated Were not Conversations or Admissions.**

A survivor of two contracting parties is competent to testify to the *fact* that a note given for money loaned embraced a specified sum in excess of the money loaned.

Appeal by defendant H. C. Maxwell, from an order of the District Court of Swift County, *Powers*, J., made April 22, 1892, refusing a new trial.

The plaintiff, John Parker, on November 7. 1887, at Appleton, Minnesota, borrowed of S. F. Spencer $90 in money and bought of him eighty-three bushels of wheat for all which he gave his note for $154.84 with interest at ten per cent. a year, due October 15, 1888. He secured the payment of the note by a mortgage on a horse and two cows. W. A. Mattice acted as agent for Spencer in the transaction and signed the note with plaintiff, as his surety. Mattice died intestate December 13, 1887, and defendant was appointed administrator of his estate. The note was proved as a claim against the estate and was paid by defendant, as administrator. Spencer thereupon delivered to defendant the note and assigned to him the chattel mortgage.

On November 26, 1888, Maxwell as administrator, took the horse and cows on the mortgage and was about to sell them under the power of sale therein, when the plaintiff brought this action of replevin to recover the possession, claiming that $10 bonus was included in the note, and that the mortgage was usurious and void.

On the trial plaintiff was a witness in his own behalf and testified that he saw Spencer and told him he was willing to give $10 bonus

to get the money, and that Spencer sent plaintiff to Mattice to nego-
tiate, and that he went to Mattice and completed the negotiation and
had the papers drawn and signed, and that a bonus of $10 was in-
·cluded in the note and mortgage.   The defendant objected to proof
of these transactions with Mattice, on the ground that it is not com-
petent for plaintiff, a party to the action, to give evidence of or con-
·cerning any conversation with, or admission of Mattice, a deceased
person, relative to the matter at issue between the parties.   1878
·G. S. ch. 73, § 8.   The trial court overruled the objection on the
ground that the evidence was of acts done, and not of conversations.
The defendant excepted.   Plaintiff had a verdict.   The defendant
moved for a new trial, and being denied appeals.

   *E. T. Young,* for appellant, cited *Griswold* v. *Edson,* 32 Minn. 436;
*Farmers' Union Elevator Co.* v. *Syndicate Ins. Co.,* 40 Minn. 152;
*Rhodes* v. *Pray,* 36 Minn. 392; *Lewis* v. *Willoughby,* 43 Minn. 307.

   *S. H. Hudson,* for respondent.

   DICKINSON, J.   The only issue presented in this case is whether a
note and chattel mortgage, executed by the plaintiff to one Spencer,
was usurious.   Spencer had placed money in the hands of the de-
fendant's intestate, Mattice, to loan.   The latter loaned some of this
money to the plaintiff, and upon that loan the note and mortgage
were given.   Upon receiving the money from Spencer, Mattice hav-
ing assumed a personal obligation therefor, Spencer, after the death
of Mattice, presented a claim against the estate on that personal
obligation of the intestate, which was allowed by the court and paid by
the administrator.   The estate thus becoming entitled to be subro-
gated to the securities held by Spencer for the money loaned, the
latter transferred the plaintiff's note and mortgage to the administra-
tor.

   The plaintiff was allowed to testify that he received for the note
and mortgage (as the consideration for which they were given) $90
in money and 83 bushels of wheat; and that a bonus of $10, which
he had agreed with Spencer to pay, was included in the note.   Such
testimony was not within the prohibition of the statute.   1878 G. S.

ch. 73, § 8. It was not evidence "of or concerning any conversation with, or admission of," the deceased. *Chadwick* v. *Cornish*, 26 Minn. 28, (1 N. W. Rep. 55.) The evidence was of *facts*, the existence of which, and the proof concerning which, might be wholly independent of conversations with or admissions of the deceased.

The evidence sustains the verdict. If the testimony of the plaintiff was to be believed,—and he was corroborated by other evidence,—the agreed consideration for the note and mortgage was a certain quantity of wheat sold, and a loan of $90 in money, for which loan $10 was charged, and included in the note, in excess of the lawful rate of interest. While the price for which the wheat was sold was not testified to, at least not directly, the testimony, if credible, does show that for the *money* to be loaned the parties, including Spencer, first negotiated for a bonus of $10 in excess of lawful interest, and that this was carried into effect, that excess being included in the note. If such was the fact, it is of no importance that a part of the consideration for the note was the price of wheat sold.

There was no error in the charge of the court.

Order affirmed.

(Opinion published 53 N. W. Rep. 754.)