## No. 11,455.

### HENRY BRYANT VS. MRS. E. R. STOTHART.

The dissolving condition in the contract of sale can not be enforced when the plaintiff in the suit represents only part of the price remaining due. Civil Code, Arts. 2045, 2046; Leflore vs. Camors, 7 An. 67; Castle vs. Floyd, 38 An. 589.

In the action to dissolve the sale for non-payment of the price, tender to the purchaser of the price he has paid is a prerequisite for maintaining the action and hence can not be dispensed with, on the ground that the purchaser's liability for the revenues compensates the price to be returned by the vendor. George vs. Knox, 23 An. 354; McDowell vs. Taylor, 14 An. 729; McKenzie vs. Bacon, 43 An. 534; 21 An. 425.

APPEAL from the Ninth District Court, Parish of Red River.
    *Hall, J.*

J. C. *Egan* for Plaintiff and Appellant:

This is a suit under Art. 2561 of the C. C. to enforce there solutory condition in a contract of sale and have its dissolution decreed for the non-payment of the purchase price. To have the sale dissolved for the failure on the part of the vendee to comply with her obligation to pay the purchase price, and to have the vendor restored to the title and possession of the property.

The vendor claims the fruits or revenues, at eight hundred dollars per annum, its rental value for three years, the time he will necessarily he out of the use of his property, before he can obtain a judgment of this court restoring him to the ownership and possession. He claims one thousand dollars for loss, consumption and deterioration of personal property, and asks that these amounts be allowed as a credit upon a liquidation and settlement between himself and his vendee. To compensate and offset the amount paid by Mrs. E. R. Stothart (one thousand seven hundred and eighty dollars) and that he have judgment against her for such amount, if any, as may be found due, after allowing her this credit of whatever may be shown due her for improvements.

A clear and concise statement of the object of the demand and nature of the title or cause of action on which it is founded is all that the law requires. C. P., Art. 172. Where facts are wholly within the knowledge of the defendant, she can not require them to be set forth in plaintiff's petition. The law requires impossibilities of no one. Cross on Pleading, Sec. 17, p. 95, and authorities there cited.

The action for a dissolution where a suit is necessary to enforce the resolutory condition is a putting *in mora*, as it may be met by paying the price, and the judge may even grant time for that purpose. This is not an action of rescission and is not in the cases provided for as contemplated by Art. 1912 of R. C. C. 28 An. 740; 15 An. 518; 40 An. 157: 23 An. 335.

Plaintiff is entitled to fruits from day of sale. C. C. 2045, 2041; 31 An. 635; 38 An. 766; 31 An. 67; 35 An. 112.

The stipulation *pour autre* in order to have any binding effect, must be accepted by the party in whose favor it is made. 5 R. 514; 3 N. S. 211; 22 An. 362.

No tender is necessary where plaintiff does not owe defendant. The payments can be offset against the rents. 41 An. 6; 43 An. 534.

*J. F. Pierson* Attorney for Defendant also appealing.

C. C. 2565 (2543) contemplates a real diminution of value in the thing sold in consequence of waste or deterioration caused by the acts or neglect of the buyer during the time of his possession. It is inapplicable to a general fall or depreciation of property. Bourgeat vs. Smith, Syndic, 16 La. 470.

The resolutory condition can be enforced only by the person or persons representing the whole price. One representing only a portion of the purchase price due can not restore the *status quo*, or resolve the sale. Swan vs. Gayle, 24 An. 501; Castle vs. Floyd, 38 An. 589, 593; Leflore vs. Carmors, 7 An. 67.

The resolutory condition implied in the contract of sale can not be enforced without restoring to the buyer the purchase notes outstanding and such portions of the purchase price as the buyer has paid on the property. This is a condition precedent. Walden vs. Bank, 2 Rob. 179; Lee vs. Taylor, 21 An. 514; George vs. Knox, 23 An. 355; Heirs of Castle vs. Floyd, 38 An. 587; Wilmot & Co. vs. Steamer Ouachita Belle, 32 An. 610; Heirs of Burney vs. Ludeling, 41 An. 632.

Where this exception is not specially pleaded in the lower court, or where it is so pleaded in the lower court but waived on appeal in the Supreme Court, the exception will not be made or sustained by the Supreme Court on the appeal. McKenzie vs. Bacon, 40 An. 167; Ware vs. Berlin, 43 An. 534.

The law is well settled, not only by the textual provisions of the code, but by repeated decisions of the Supreme Court, that in all cases of rescission, the party seeking relief must first offer to restore his adversary to the situation he was in before the contract. McDonald vs. Vaughan, 14 An. 728.

It is necessary to put defendant in default in order to render the resolutory condition available. Poydras vs. Turgeau, 14 La. 37.

The restoration or offer by the seller to restore the portion of the price paid by the buyer is a condition precedent to the seller's rights to claim damages, fruits or revenues from the buyer on account of the property, and this obligation by the seller can not be offset by claims for damages, fruits or revenues from the buyer. Until the seller returns the price paid he can not claim the property back nor any damages, fruits or revenues from the buyer on account of the property.

The opinion of the court was delivered by

MILLER, J. The plaintiff seeks to dissolve for non-payment of the price the sale of a plantation sold by him to the defendant. The terms on which the property was sold were: A cash payment, two notes of defendant for the credit portions of the sale, and the assumption by defendant of certain notes of plaintiff. At the date of the institution of this suit the plaintiff had received the cash payment; the defendant had also paid one of the notes and made payments on account of the others assumed by her. The price was eight thousand one hundred and twenty-one dollars. Defendant's payments are stated in the brief filed in her behalf at two thousand one hundred and one dollars; the plaintiff's brief makes the amount less, but the difference is unimportant. There were outstanding and unpaid, when the suit was brought, two notes held by plaintiff, amounting to two thousand four hundred and eighty dollars, excluding interest, and three thousand five hundred and forty dollars of notes assumed—all held by the American Freehold Mortgage Company of London, named in the act of sale in which defendant assumed payment of the notes. One of the outstanding notes held by plaintiff, and some of the outstanding notes held by the Loan Company, had matured when the suit was brought. The default on these matured notes was the basis of the suit. The petitioners claimed the dissolution of the sale; that defendant be condemned to pay for alleged depreciation and consumption of the personal property attached to the plantation at the time of the sale and for diminished value of the plantation, and besides judgment is asked against defendant for the fruits of the property since the sale.

The defendant filed various exceptions—among others, that there had been no tender by plaintiff of the part of the price paid by her, and that plaintiff, entitled to demand only part of the price still due, could not enforce the dissolving conditions. The exceptions overruled, the defendant, answering, combated plaintiff's demand for the dissolution of the sale, or the liability of defendant, in case the sale was dissolved, for the amount claimed in the petition. The case was tried by a jury, and there was verdict and judgment dissolving the sale, condemning the plaintiff to pay rent, and that plaintiff restore the price paid out for the improvements. Both plaintiff and defendant appeal.

The exception that plaintiff represents only part of the

price still due first engages attention. The dissolving condition accomplished in the contract of sale places the parties as they stood before the sale. The vendor takes back the property. The purchaser is restored the price he has paid, and is entitled to a complete discharge for any part of the price he has not paid. Can this last result *i. e.*, the discharge of the purchaser—be attained in this suit? If not, 'the action fails. Under the contract, the notes of the plaintiff given to the loan company were to be paid as part of the price, and for this payment the defendant became bound. Part of these notes are unpaid, and held by the company. The company does not join in this suit. It is made a defendant. Answering, the company disclaims interest in the controversy; avers the mortgage granted by plaintiff to secure its notes; recites the subsequent sale of the mortgaged property to defendant; alleges that, advised the defendant was to make the remaining payments on the notes, it notified both plaintiff and defendant of these payments as they matured; avers the company never formally accepted defendant as the debtor, and the answer closes with reserving all rights under the mortgage.

We notice the plaintiff's argument that the company never accepted the assumption by which defendant bound herself for the notes held by the company. But, as stated, the company gave defendant notice of the payments as they matured. That would avail as an acceptance. Besides such a stipulation may be accepted at any time, unless by some act of the creditor it is barred. If it had been intended by the company, by its answer in this suit, to discharge the defendant, it is to be presumed that purpose would have been expressed. But the answer, guarded in its terms, stops short of a discharge. It is therefore our conclusion that the defendant may be still held to the company on the assumption. The plaintiff, however, tenders a bond to secure the defendant against any demand of the company. If defendant is entitled to a discharge as an incident of the dissolution of the sale, she can not be required to accept in lieu of the discharge a bond of indemnity. The plaintiff representing only a part of the price remaining due, it follows in our opinion he can not enforce the dissolving condition which exact the release of defendant's liability for the whole price. See Civil Code, 2045, 2046; 7 An. 67; 38 An. 589.

We think the exception on the ground already discussed should

have been sustained. We have, however, read with interest the argument of defendant on another exception—*i. e.*, that to maintain this action the plaintiff was bound to tender to defendant the amount she had paid on account of the price. The plaintiff's answer is, that the liability of defendants for rents and revenues of the property since the sale compensates the debt of plaintiff for the price, and hence plaintiff is under no obligation to tender the price. But we think it fixed in our jurisprudence that altogether irrespective of defendant's liability in cases of this character for the revenues of the property, it is a prerequisite for maintaining the action that plaintiff shall tender the price paid by the purchaser. Until that tender plaintiff in such an action can invoke no relief. The precise contention of plaintiff that tender is not requisite because of defendant's liability for rents was held unavailing in one of the cases we cite in this connection. We think the exception on this ground was well taken. 23 An. 354; 14 An. 729; 43 An. 534; 21 An. 425.

The views expressed in the exceptions determine the controversy and render unnecessary any examination of the plaintiff's argument on other points

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and that plaintiff's suit be dismissed with costs.