DANIEL M. ROBBINS v. HARRY F. LEGG and Another.[1]

80   419
f84   265

July 11, 1900.

Nos. 12,028—(165).

Promissory Note—Usury—Conversation with Deceased Person—Conclusion of Witness.

Action on a promissory note. Defense that the note had been paid by a conversion of certain collateral security, and that the note was usurious. The trial court found that neither defense had been sustained. *Held*:

1. That the findings of the court are sustained by the evidence.

2. That it was not competent for a party to the action to testify indirectly to a conversation with a deceased person by stating in the form of a conclusion that he paid $100 to such person as a bonus for the use of the money for which the note was given. Madson v. Madson, 69 Minn. 37, followed.

Action in the district court for Hennepin county to recover $863.-65 and interest on a promissory note. The case was tried before McGee, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*Bartleson & Paul*, for appellants.

*A. B. Jackson* and *George Harold Smith*, for respondent.

START, C. J.

The defendants, on January 5, 1895, executed to the Bank of Min-

[1] Reported in 83 N. W. 379.

neapolis their promissory note for $863.65, which was by the receiver of the bank sold to the plaintiff, who brought this action to recover the amount thereof. The defense was that the defendants at the time of the execution of the note delivered to the bank collateral security of the value of $1,500; that the bank sold the security, and converted the proceeds thereof to its own use, whereby the note was paid in full; and, further, that the note was usurious and void. The cause was tried by the court without a jury, and its findings of fact, so far as here material, may be summarized as follows:

The note in suit was one of three of like amount and date executed by the defendants to the bank. The aggregate amount thereof represented the then indebtedness of the defendants to the bank. The defendants, as collateral security for such indebtedness, deposited with the bank jewelry of the list value of $1,500, with the agreement that the bank might sell the collateral without notice to the defendants, and apply the proceeds thereof in payment of such indebtedness, provided the amount so credited should not be less than eighty per cent. of the list value of the collateral. All of the jewelry was so sold and applied, with the knowledge of the defendants, on that part of such indebtedness represented by the two notes other than the one in suit, and nothing has ever been applied on the latter note, which has not been paid. The defendants, after the entire proceeds of the sale of the collateral had been so applied on the other two notes, with full knowledge thereof, purchased them from the receiver of the bank for a sum much less than was then due on them after such application had been made. The allegations of the answer to the effect that the note in suit is usurious are not sustained by the evidence. As a conclusion of law, the trial court directed judgment for the plaintiff for the face amount of the note and interest, and the defendants appealed from an order denying their motion for a new trial.

1. The first contention of the defendants is that the finding of the court that all of the collateral security was sold, and proceeds thereof applied, with the consent of the defendants, on the two notes purchased by them, is not sustained by the evidence.

The plaintiff and the defendants purchased their respective notes

from the receiver of the bank at a very liberal discount, and none of them is entitled to claim to be a bona fide purchaser within the law merchant. The evidence is reasonably conclusive that no part of the proceeds of the collateral was, or was ever intended to be, applied on the note purchased by the plaintiff, and that afterwards the defendants purchased the other two notes from the receiver with knowledge that the whole of the proceeds from the sale of the collateral had been or was to be applied on the two notes purchased by them, and that they purchased them on that basis. Therefore it does not follow that the finding in question is not sustained by the evidence, because it does not affirmatively appear in detail from the evidence that all the proceeds were so applied. It does not appear that they were not. The finding is fairly sustained by the evidence.

2. A more serious question is whether the findings are, as to the defense of usury, sustained by the evidence. The defendants contend that they are not.

The transaction between the defendants and the bank, culminating in the execution of the three notes, was had between the defendant Mr. Legg and the cashier of the bank, who was dead at the time of the trial of this action. The defendant testified (omitting what was struck out), in effect, that the three notes were given for the balance of the $5,000 note dated on March 20, 1893, which was given to the bank for the balance of the defendants' indebtedness to it; that the $5,000 note was due in sixty days, with interest at the rate of eight per cent. per annum, and that he paid to the cashier the interest in advance, $66.66 and $100; that he had no other transaction with the bank or cashier except as to the $5,000 note. On his cross-examination he testified:

"Q. Now, are you sure, Mr. Legg, that you paid any interest at all at that time? A. I am swearing to it. I have always sworn to it. Yes, sir. Q. Well, you don't think that the note was taken, as this note in suit calling for payment of interest at maturity? A. No, sir; I know. I swear on the strength of my books. That is what I am swearing on. Q. You have no recollection on the subject, then, yourself? A. My recollection is that I paid the money; paid the $100 cash, and paid the interest. To the best of my knowledge, I paid the interest at that time to maturity,—always did. Q. What-

ever amount of money you paid you counted it all out of the one bundle of money you brought, knowing what amount you were going to pay? A. I paid whatever the interest was,—the interest and $100. I knew what it was at the time. Q. Well, did you or did you not pay any interest, or don't you know? A. I paid eight per cent. interest; my books show that I paid eight per cent. interest. Q. Well, if your books show anything, or if you have any recollection in regard to the payment, it was a payment of a certain sum of money,—some number of dollars? A. To the best of my recollection." ·

Subsequently, and on his recross-examination, he further testified:

"Q. Mr. Legg, I think you said yesterday that your impression in regard to the amount of money you paid Mr. Bofferding [the cashier] on the 20th of March is based largely on an entry in some book of yours. Is that so? A. Only the date; that is all. The date of the note, when I got the money. Q. Well, I think I understood you to say, when you were having some difficulty in fixing the exact amount of dollars you paid, that you based your testimony as to the payment on an entry which you found in your cash book? A. No, I did not. I did not have a cash book. I have not got a cash book. Q. And after the adjournment I asked you to show me that entry, and you did so, didn't you? A. I showed you an entry in expense account."

This entry showed, in connection with his testimony, that the money paid for all expenses on March 20, 1893, the date of the transaction, was $231.83,—a sum less than the amount paid for expenses on either the 21st or 22d day of March. Other than this, his books did not show that he paid eight per cent. interest on the note or $100 to the cashier or any one else. There was no other evidence tending to establish the allegations of the answer as to the usury.

The question upon this evidence is not whether the trial court might have found that the transaction was usurious, but it is, ought the court, as matter of law, to have so found? We answer the question in the negative, for the credibility of the witness and the inferences of fact to be drawn from his evidence were matters largely in the discretion of the trial court. It was certainly not an abuse of that discretion to find against the defendant upon his evidence. The defendant, upon his unsupported testimony, was seeking to establish a usurious transaction with a party whose lips had

been closed by death,—a transaction which, if established, would work a forfeiture of an honest indebtedness. Under such circumstances, he is bound to make strict proof of the transaction. Upon the entire evidence on this question, the trial court might well have questioned whether the defendant was not at least mistaken in his statement that he paid both the interest on the note to the due day and $100 besides. Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015; Anderson v. Liljengren, 50 Minn. 3, 52 N. W. 219; Lang v. Ferrant, 55 Minn. 415, 57 N. W. 140; Basting v. Northern Trust Co., 65 Minn. 495, 67 N. W. 1017.

Unless the defendant paid both the interest and the $100, there would be no basis for inferring that the transaction was usurious; for if no more than $100 was paid, and it was for interest, it would not exceed ten per cent. per annum. Our conclusion, from a full consideration of the record, is that the trial court was not bound to accept as conclusive the defendant's statement that he paid both the interest and $100 to the cashier, or necessarily to infer from the statement, if accepted as absolutely correct, that the transaction was usurious. Therefore we hold that its findings of fact are justified by the evidence.

3. The defendant Legg testified that he paid the cashier $100 as a bonus. The trial court struck out his statement that he paid it as a bonus, but permitted him to testify that he paid the $100. This is assigned as error. The defendants' counsel claim that the evidence stricken out was admissible as an act of the defendant. It is true that the acts of the surviving party are not within the statutory rule as to conversations with a deceased party or person. Chadwick v. Cornish, 26 Minn. 28, 1 N. W. 55; Hall v. N. W. Endowment & L. Assn., 47 Minn. 85, 49 N. W. 524. The fact that the defendant paid the cashier $100 was an act, and admissible. The further statement, however, that it was paid as a bonus, was not an act, but an inference or conclusion of the defendant from the oral transaction between the parties; that is, the necessary result of the conversation of the parties. The trial court correctly excluded the statement. Redding v. Godwin, 44 Minn. 355, 46 N. W. 563; Madson v. Madson, 69 Minn. 37, 71 N. W. 824.

Order affirmed.