JOHN W. MERHOFF v. HERMAN MERHOFF and Another.[1]

November 1, 1901.

Nos. 12,698—(31).

**Witness—Incompetent Evidence.**
It is not competent for a party to an action to testify as to the manner of the payment of the consideration in a deed, the grantee of which is deceased, on the ground that it calls for oral admissions and conversations, although the fact of payment may be stated. Robbins v. Legg, 80 Minn. 419.

[1] Reported in 87 N. W. 781.

### Question Excluded.

A question embracing both the fact of payment and the manner of payment was objectionable, and it was not error to exclude it.

### Assignments of Error.

Other assignments of error in reference to the same subject considered, and *held* not supported.

Action in the district court for Sibley county by John W. Merhoff, as executor of the last will of Casper H. Merhoff, deceased, to foreclose a real-estate mortgage executed by defendants to decedent. The case was tried before Cadwell, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*W. H. Leeman,* for appellants.

*Ed. H. Huebner* and *Huebner & Quandt,* for respondent.

LEWIS, J.

This action was commenced to foreclose a mortgage of two thousand dollars, executed by the defendant Herman Merhoff and wife to his father, Casper H. Merhoff, now deceased. The answer alleged the real consideration to have been an agreement by the son to support the mortgagee and his wife during their lives by an annual payment of $140, and that upon their decease the mortgage was to be void. It was further alleged that through error the real consideration of this mortgage was not stated in the instrument. The court found against the defendants on all of these propositions, and held that the mortgage was valid, that it was given for the consideration of two thousand dollars and ordered judgment for its foreclosure.

During the course of the trial, defendants offered in evidence a deed to the premises, the expressed consideration of which was four thousand dollars, executed by Casper H. Merhoff and wife to the defendant Herman Merhoff, which was received in evidence without objection. While on the stand defendant Merhoff was asked the following question: "Was that paid, and, if so, how?" The question was objected to as incompetent, irrelevant, and immaterial, not within the issues of the case, and tending to show the admissions or conversations of a deceased party in inter-

est. Upon the last ground the court sustained the objection, and this ruling is assigned as error.

Had the question been simply, "Was the consideration paid?" then it would have been competent; but it also included the manner of payment, and was therefore objectionable. Robbins v. Legg, 80 Minn. 419, 83 N. W. 379. From the issue pleaded and from a reading of the record it is evident that defendant was attempting to show both that the consideration was services performed and that the father deeded to him the land in consideration of the contract on his part to maintain the father and mother by payment of the stated amount. Subsequent examination of the witness disclosed the length of time the son had worked for the father, and the amount claimed to be due for his services. The court refused to allow the witness to testify as to the manner in which the consideration was actually paid,—whether in the form of labor by the son, with money owing to the son from the father, or by the agreement for support of the grantor and his wife during their lifetimes. It appears, therefore, that the court was justified in sustaining the objection to the question in the form in which it was asked, because it included the manner of payment of the consideration.

The seventh and eighth assignments of error are not well taken, for the reason, already stated, that the offer of proof was directed to the manner of paying the consideration, rather than to the fact of the payment. It is evident that such was the purpose of the offer on the part of defendants' attorney, and was so understood by the court, and there was no error in the ruling. The witness was asked, "What was the note and mortgage given for?" It was intended by this question to call the attention of the witness to the contract for the support of the father and mother, and was incompetent, because it tended to disclose oral admissions and conversations of the deceased party. If the purpose of the question was, not to show the contract for support, but some other consideration, or that there was none, then it was answered during the further examination of the witness, who testified that the mortgage and note were given "for nothing," and the error, if any, was without prejudice.

It will serve no purpose to enter into a discussion of the evidence in this case. It appears from the record that the father was originally the owner of about one hundred and ninety-seven acres of land; that he deeded it to his son Herman; that the son then executed to the father the mortgage in question, which stated that it was given as security for the note of two thousand dollars, due five years from date, with interest at seven per cent. The evidence shows that the mother died soon after the execution of the instrument, and the father some years later, and that during the father's lifetime the son paid him annually one hundred forty dollars. There is nothing on the face of either the deed or mortgage from which it can be inferred that the instruments were not to be taken for what they exactly expressed, and, while the evidence offered on behalf of defendants as to the contract for support tends to confirm the claim made, yet it is conflicting, and not convincing.

In such cases it is unfortunate that the evidence as to the real transaction is somewhat limited by the statute, but the statute serves a wise purpose, and has been fully sustained by the courts, and the defendants in this case were required to prove by satisfactory evidence, beyond oral admissions and conversations of the deceased, that the real consideration for the mortgage was as they maintained. The decision of the court below is sustained by the evidence.

Order affirmed.