WILLIAM H. WILSON and Another v. P. D. YOUNGMAN and Others.[1]

November 24, 1905.

Nos. 14,470—(70).

**Fraud—Pleading.**

 Action for relief on account of alleged fraud in connection with a contract for the purchase of land. *Held*, that several causes of action are not improperly united in the complaint.

Appeal by defendants Philip D. Youngman and wife from an order of the district court for Cass county, Spooner, J., overruling their demurrer to the complaint. Affirmed.

*Durment & Moore* and *C. R. St. John,* for appellants.

*J. M. Hawthorne,* for respondents.

START, C. J.

This is an appeal by Philip D. Youngman (hereinafter designated the defendant) and his wife from an order of the district court of the county of Cass overruling their demurrer to the complaint on the grounds that several causes of action are improperly united therein and that the complaint does not state facts sufficient to constitute a cause of action.

It is clear that the second ground of demurrer is not well taken. The wife of the defendant is a party to the action because of her interest in the land described in the complaint, and, if the demurrer was rightly overruled as to the defendant, it was also as to her.

A sufficiently full and accurate statement of the here material allegations of the complaint is the following, namely: In March, 1902, Mr. B. E. Wright held contracts for a deed of the land described in the complaint, and the defendant urged the plaintiffs to join with him in the joint purchase of the land from Mr. Wright, and then falsely and fraudulently represented to them that the land could not be bought for less than five dollars per acre. The plaintiffs, believing such representation to be true, then entered into an agreement with the defendant whereby the parties mutually agreed to purchase the land for their

 [1] Reported in 104 N. W. 946.

joint benefit from Mr. Wright at the price of five dollars per acre, each party to pay one-third of the purchase price thereof, and also one-third of all interest, taxes, and expenses incidental to such purchase, or the sale of the land, in case they should sell it. It was further agreed, as a part of the same agreement, that the contracts for the purchase of land should be taken, for the convenience of all parties, in the name of Mr. William A. Wilson, a son of one of the plaintiffs, and, further, that the defendant should act as the agent of all the parties in the purchase of the land. Thereupon the defendant, acting for himself and his associates, purchased the land, some two thousand acres, from Mr. Wright for $3.25 per acre, amounting in the aggregate to $6,565; but for the purpose of cheating his associates, the plaintiffs, he caused to be inserted in the contracts for the sale and purchase of the land the sum of $9,997.39 as the purchase price thereof, instead of the true and actual consideration for such purchase. He also fraudulently caused his own name to be inserted in the contracts as the sole vendee. The representation of the defendant that the land could not be purchased for less than five dollars per acre was false, as he at all times well knew. But each of the plaintiffs, relying upon such representation and induced thereby, has paid to the defendant, to be applied by him on the purchase price of the lands, taxes, and expenses, a sum largely in excess of his one-third part thereof on the basis of $3.25 per acre for the land. The amount so paid by the plaintiff Meck aggregates $3,581.30, and by the plaintiff Wilson $3,426.38. The defendant, however, has paid and applied on the purchase price of the land, out of the money so paid to him by the plaintiffs, only the sum of $4,-682.12. The plaintiffs, by reason of the false representations made to them by the defendant, have paid to him on account of the purchase price of the premises the sum of $1,896.53 in excess of the total sum paid thereon by him, which sum he has converted to his own use. The complaint prays judgment that the plaintiffs own the entire interest in the contracts and land, that the defendant has no interest therein, that he account with the plaintiffs for the money received from them, and for general relief.

It appears from the allegations of the complaint that the plaintiffs claim thereby one general right, namely, relief in some appropriate form for the fraud of the defendant in the making of the alleged con-

96 M.—19

tract and in carrying it into effect as the agent of the plaintiffs, and, further, that all matters therein alleged grow out of or are part of such alleged fraud. Therefore several causes of action are not improperly united in the complaint. State v. Knife Falls Boom Corporation, supra, page 194. The fact that each of the three parties was to pay one-third of the purchase price of the land, and each was to own an undivided one-third interest therein, and that the money paid to the defendant was paid by the plaintiffs severally, does not change the fact that the contract in connection with which the fraud was committed was a joint contract, and that they cannot maintain separate actions for any relief for fraud connected with the contract. Porter v. Fletcher, 25 Minn. 493. We hold that the several causes of action are not improperly united in the complaint.

Order affirmed.