JOHN KROST v. HAMMON A. MOYER AND OTHERS.[1]

. February 5, 1926.

No. 25,096.

**Testimony admissible that payment had been made to person since deceased.**

1. Testimony that a payment was made to a person since deceased does not violate the rule barring testimony as to conversations with such person.

**Question of fact for court whether payment was actually made.**

2. Whether the payment was in fact made was a question to be determined by the trial court.

[1]Reported in 207 N. W. 311.

**One cotenant alone cannot impair rights of his cotenants.**
   3.   No act of one cotenant can impair the rights of the others.

**Statutory notice to terminate executory contract of sale given by only one of vendor's assignees invalid.**
   4.   Where the vendor in an executory contract conveys the title of the land to several parties, all must join in giving the statutory notice to terminate the contract as their relation to the contract is joint, not several, and such notice given by one alone is of no effect.

**Contract was not terminated by notice of only one cotenant.**
   5.   The notice in question was given by only one of such cotenants and did not terminate the contract.

   Appeal and Error, 4 C. J. p. 982 n. 44.
   Payment, 30 Cyc. p. 1294 n. 76.
   Tenancy in Common, 38 Cyc. pp. 8 n. 28; 101 n. 71. .
   Trial, 38 Cyc. p. 1945 n. 37.
   Vendor and Purchaser, 39 Cyc. p. 1430 n. 80.
   Witnesses, 40 Cyc. p. 2321 n. 66.

Action in the district court for Blue Earth county to determine claims to certain parcels of land. The case was tried before Comstock, J., who made findings and ordered judgment in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Reversed.

*Thomas Hughes* and *E. Raymond Hughes*, for appellant.
*C. O. Dailey*, for respondent.

TAYLOR, C.

In October, 1923, plaintiff brought this action against a large number of named defendants and also against all unknown parties claiming any interest therein to determine adverse claims to several parcels of real estate, all situated in West Mankato and described in the complaint according to the plat thereof on file and of record in the office of the register of deeds of Blue Earth county. H. A. Moyer, the only defendant who interposed an answer, asserted that he was the owner of that parcel of land described in the complaint

as the east one-half of vacated Spence street opposite lot 1 of block 175, through the transactions set forth in the answer.

Both plaintiff and Moyer claim under J. B. Hodapp who obtained a tax deed of this and other lands in 1907. As both claim title from Hodapp, neither is in position to question the validity of his title.

In September, 1915, Hodapp, contracted with Moyer to sell the tract above described and lots 1 and 2 of block 175 to Moyer for the sum of $300 of which $131.50 was paid at the making of the contract. The remainder of the purchase price was evidenced by three promissory notes executed by Moyer: One for $43.50 payable March 18, 1916; one for $50 payable September 18, 1916; and one for $75 payable September 18, 1917, all bearing interest at the rate of 8 per cent per annum. In May, 1916, they modified this contract by indorsing thereon an agreement to the effect that Moyer released the two lots to Hodapp and was to receive a deed from Hodapp of the land in controversy on payment of the sum of $100.

As platted, Spence street extends north and south between blocks 174 and 175. Sixth street extends along the south side of these blocks. Moyer resided on lot 8 of block 174 which adjoined Spence street on the west and fronts on Sixth street. Lot 1 of block 175 adjoins Spence street on the east and fronts on Sixth street. Apparently Spence street had been vacated and presumably Moyer owned the west half of the street as a part of his lot 8. On contracting with Hodapp for the purchase of lot 1 and the east half of Spence street adjoining it, he constructed a cement sidewalk and curb on Sixth street along lot 8 and across Spence street and along lot 1. He also built a cement driveway from Sixth street over the vacated part of Spence street to the rear of his lot 8. In 1916 he inclosed lot 8 and the part of Spence street between that lot and lot 1 with a woven wire fence and has occupied the entire tract, including the tract in dispute continuously as his home ever since.

On July 21, 1917, Hodapp executed a quitclaim deed to John Krost, Peter Krost, George Krost and Theresa Borgmeier, covering a dozen or more tracts of land including the tract in dispute. He

died shortly thereafter. John Krost, one of the grantees in the deed, brought this action and named the three other grantees as defendants. After the action was begun, he served a notice upon Moyer, signed by himself alone, stating that Moyer had failed to pay the $100 required by the modified contract made with Hodapp and that the contract would be annulled and canceled unless Moyer paid that sum with interest within 30 days after service of the notice. After the expiration of the 30 days, he filed a supplemental complaint setting up the service of this notice and that Moyer had failed to make the required payment. Moyer interposed an answer to the supplemental complaint in which he alleged that he had paid the $100 to Hodapp on July 3, 1917, and had thereby fully performed on his part, and that Hodapp had then promised to execute a deed of conveyance, but had died without doing so.

At the trial, when Moyer sought to testify that he had made this payment, plaintiff objected on the ground that it involved a transaction with a deceased person and the objection was sustained. Later, however, the court permitted this testimony to be given, and both Moyer and his wife testified that he made the payment to Hodapp at their home on July 3, 1917. The ruling admitting this testimony was clearly correct. Chadwick v. Cornish, 26 Minn. 28, 1 N. W. 55; Parker v. Maxwell, 51 Minn. 523, 53 N. W. 754; Robbins v. Legg, 80 Minn. 419, 83 N. W. 379; Merhoff v. Merhoff, 84 Minn. 263, 87 N. W. 781; Veum v. Sheeran, 95 Minn. 315, 104 N. W. 135. Defendant urges as error the rulings excluding this testimony when first offered, but the error was cured by its subsequent admission.

The court refused to find that Moyer had made the payment of $100, and, although his testimony and that of his wife stand uncontradicted, the question, upon this record, was a question of fact to be determined by the trial court.

The court found, in substance, that Moyer's rights in the land had been terminated by the service of the statutory notice and upon this finding directed judgment for plaintiff. Moyer appealed from an order denying his motion for amended findings or for a new trial.

The grantees in the deed from Hodapp became tenants in common of the land subject to the rights of Moyer under his contract to purchase. The relation of cotenancy does not empower one cotenant to act for or bind the others; and no action of one or more of several cotenants can impair or affect the rights of the others.

Where the vendor in an executory contract for the sale of land thereafter conveys the title to two or more third parties, the obligation of such third parties to perform the contract on their part according to its terms is joint, not several, and the rights which they acquire in the covenants of the purchaser are also joint and not several. If the contract becomes subject to forfeiture for the default of the purchaser, it may be cancelled by all acting jointly, but not by one acting alone. The following cases, although not involving the specific question presented in this case, illustrate and apply the principle: Porter v. Fletcher, 25 Minn. 493; Hedderly v. Downs, 31 Minn. 183, 17 N. W. 274; Peck v. McLean, 36 Minn. 228, 30 N. W. 759, 1 Am. St. 665; Gibbons v. Bente, 51 Minn. 499, 53 N. W. 756, 22 L. R. A. 80; Wilson v. Youngman, 96 Minn. 288, 104 N. W. 946; Disbrow v. Creamery P. M. Co. 104 Minn. 17, 115 N. W. 751; Howard v. Manning, 79 Okla. 165, 192 Pac. 358, 12 A. L. R. 819; Bryant v. Stothart, 46 La. Ann. 485, 15 South. 76; Cochran v. Gulf Refining Co. 139 La. 1010, 72 South. 718; Edmonds v. Mounsey, 15 Ind. App. 399, 44 N. E. 196; DeLancey v. Robbin (Sup.) 123 N. Y. Supp. 946; Friar v. Baldridge, 91 Ark. 133, 120 S. W. 989; Nat. Bank v. Bones, 75 Ga. 246; D'Wolf v. Pratt, 42 Ill. 198.

Plaintiff was only one of the four grantees in the deed from Hodapp. While he asserted in the notice and also in the complaint that he was the owner of the property, there is no evidence in the record that his cograntees had ever parted with their interest therein. The record shows that when he gave the notice all four were jointly interested in the outstanding contract, and therefore he could not cancel it, acting alone. He could not impair the right of his cograntees to require performance of the contract, nor forfeit it as to himself and leave it in force as to the others.

As long ago as Dunning v. McDonald, 54 Minn. 1, 55 N. W. 864, it was held that a mortgage which had been assigned to two or more could not be foreclosed by advertisement, unless all the assignees joined in giving the notice of foreclosure sale. It has been repeatedly said that terminating an executory contract by giving the statutory notice is in the nature of a strict foreclosure. While this proceeding may not be analogous to a mortgage foreclosure, its purpose is to terminate the contract and all the rights of the vendee in the land unless he performs within the specified time; and we are of opinion and hold that, in order to terminate the contract in this manner, all those under obligation to convey, if the purchaser performs, must join in giving the statutory notice requiring him to perform within 30 days thereafter or forfeit his contract.

The notice given by plaintiff alone was of no effect and the order is reversed and a new trial granted.